### 4521.  ROUNTREE & LEAK v. CRAIGMILES.

1. An instruction that the plaintiff is entitled to recover if he proves his case as laid in the petition is an implied adjudication that the petition sets forth a cause of action; and error may be assigned upon such instruction on the ground that the petition does not set forth a cause of action, and that for this reason the plaintiff is not entitled to recover. A plaintiff is never entitled to recover, as a matter of law, unless such recovery be authorized both by the petition and the proof. By procuring an adverse decision, the defendant may be estopped from challenging the sufficiency of the petition, and, by failing to raise this question in the trial court in some one or more of the methods prescribed by law, he may lose his right to raise the question in the reviewing court. But whenever the trial judge, either expressly or impliedly, makes a ruling which in effect adjudicates that the petition sets forth a cause of action, the defendant may, in the reviewing court, challenge the correctness of this decision, by a proper assignment of error upon such ruling.
2. The petition and the proof authorized a verdict in the plaintiff's favor, and it was not error to instruct the jury that if he proved his case as laid, he was entitled to recover.

DECIDED FEBRUARY 4, 1913.

Complaint; from city court of Thomasville—Judge W. H. Hammond. October 28, 1912. .

*Theodore Titus,* for plaintiffs in error. *Roscoe Luke,* contra.

POTTLE, J.  The petition states the case substantially as follows: The plaintiff and the defendants were engaged in the real-estate business, selling lands owned by them, as well as acting as agents for others. In the summer of 1911 the plaintiff and the defendants entered into a contract whereby it was agreed that the plaintiff was to receive five per cent. commission on all sales of real estate which "the defendants made to the prospective purchasers turned over to defendants by plaintiff," and the plaintiff was to pay to the defendants a like commission for all sales that he made to prospective purchasers turned over to him by the defendants. The contract included land owned by the parties as well as land belong-

ing to others. The plaintiff procured one Rogers as a prospective purchaser, and, after ascertaining his wants, recommended to him the "Holland place," which the defendants had the exclusive agency to sell, and in fact had an option to purchase. The plaintiff went to the defendants and introduced Rogers to them, and recommended the Holland place as a suitable place for Rogers to buy. Thereupon the defendants showed Rogers the Holland place, and, after some negotiations, sold the place to him for $8,912.50. The plaintiff claims commissions to the amount of $445.62. Upon the trial the plaintiff testified substantially to the facts set forth in his petition, and the jury returned a verdict in his favor. The defendants' motion for new trial was overruled, and they excepted.

1. The court charged the jury as follows: "If the plaintiff has proven the case as laid in his petition, he will be entitled to recover." Error is assigned upon this charge, upon the ground that the plaintiff was not, under the law, entitled to recover, it being nowhere alleged or proved that he had obtained a purchaser who was ready, willing, and able to buy, and offering to buy; and because the plaintiff neither alleged nor proved that he was authorized by the defendants to sell the property, and that he himself made the sale or procured a purchaser who offered to buy on the terms stated by the owner. Before a plaintiff is legally entitled to recover, both the pleadings and the proof must authorize such a recovery. This has been the settled rule in this State for many years, at least since the decision in the case of *Kelly* v. *Strouse,* 116 *Ga.* 872 (43 S. E. 280). The correctness of this rule is in nowise affected by the fact that where the petition is passed over without demurrer, it will not be error to refuse to rule out evidence tending to support the allegations of the petition, whether it be good in substance or not, or whether the evidence, when admitted, established no right of recovery. *Fleming* v. *Roberts,* 114 *Ga.* 634 (40 S. E. 792). Nor is the rule affected by the fact that a demurrer to the evidence or a motion for nonsuit, under our practice, raises only the question whether the plaintiff had introduced evidence to support the allegations of his petition, and does not call in question the legal sufficiency of those allegations. *Fargason* v. *Ford,* 119 *Ga.* 343 (46 S. E. 431) ; *Evans* v. *Josephine Mills,* 119 *Ga.* 448 (46 S. E. 674) ; *Box* v. *Atlantic & Birmingham Railroad Co.,* 120 *Ga.* 1050 (48 S. E. 427) ; *Murphy* v. *Davis,*

122 *Ga.* 306 (50 S. E. 99). The usual way to test the sufficiency of pleading is either by a demurrer filed at the appearance term, or a motion to dismiss, filed after the appearance term, upon the ground that the pleading is bad in substance. But these are not the exclusive methods of invoking a ruling upon the sufficiency of the pleadings. If a plea is bad in substance, the defect may be taken advantage of by objecting to evidence offered in support of the plea. *Crew* v. *Hutcheson,* 115 *Ga.* 511 (42 S. E. 16); *Kelly* v. *Strouse,* supra. If the petition be bad in substance and wholly insufficient to set forth a cause of action, the trial judge ought, ex mero motu, to so adjudge, either by dismissing the petition or in some other proper way. If he should permit a verdict in favor of the plaintiff to be returned upon such a petition, this would amount to an adjudication that the verdict was authorized both by the petition and the proof. While it is doubtless true that the defendant in such a case can not by a motion for new trial raise the question that the petition is bad in substance, yet he can by a direct writ of error challenge the legality of the verdict, upon the ground that the petition sets forth no cause of action. *Kelly* v. *Strouse,* supra. This does not militate at all against the well-settled rule that the reviewing court will determine only those questions which have been passed upon by the trial judge.

By permitting a verdict to be returned in favor of the plaintiff, the judge has impliedly adjudicated that the petition sets forth a cause of action. Proving the case as laid in the petition will prevent a nonsuit; but it will not entitle the plaintiff, as a matter of legal right, to recover, unless the petition sets forth a cause of action. See *O'Connor* v. *Brucker,* 117 *Ga.* 451 (43 S. E. 731), where it was held that if the petition stated no cause of action, the defendant could take advantage of the defect by a request for an instruction to the jury that the plaintiff is not entitled to recover. Of course, if the defendant calls in question the sufficiency of the petition, either by demurrer or in any other proper way, and the decision is adverse to him, he is bound to it; but this is so not because the plaintiff is entitled as a matter of law to recover, but because the defendant, having procured a decision as to the right to recover, is estopped from taking a contrary position. When the trial judge instructs a jury that the plaintiff is entitled to recover if he proves his case as laid in the petition, this is

equivalent to stating that the petition sets forth a cause of action; and error may be assigned in the reviewing court upon such an instruction, on the ground that the petition does not set forth a cause of action, and that for this reason the plaintiff is not entitled to recover.

2. The plaintiff declares upon a special contract with the defendants. He alleges, in effect, that the defendants agreed that if he would put them in touch with a prospective purchaser of land, and the defendants concluded a sale with such person, they would pay him a stated amount by way of commissions. The mutual promise on the part of the plaintiff to pay the defendants for a like service was a sufficient consideration to support the contract, and, in order to entitle the plaintiff to recover, it was only necessary that he produce a prospective purchaser and that the defendants complete a sale with such purchaser for a stipulated sum. It is distinctly averred in the petition, and supported by the evidence, that the agreement between the parties included land which they themselves owned, as well as land which they were selling for other persons. Section 3587 of the Code of 1910, relating to broker's commissions, had no application to the case. The petition set forth a cause of action, and the evidence authorized the verdict in the plaintiff's favor.          *Judgment affirmed.*