16034.   SUBERS, executrix, *v.* HIRSCHENSOHN.

1. Where, prior to the creation and organization of the county of Seminole, which became established as a county on January 1, 1921, a trover suit against a person residing in that part of Decatur county which subsequently went into the formation of the new county was duly filed in the city court of Bainbridge in Decatur county, and was followed by legal service upon the defendant as a resident of that county, but where the defendant had ceased to be a resident of such territory at the time of the creation of the new county, and continued to be a non-resident thereof until after the new county was created and organized, the suit was not one transferable to the new county, under the provisions of section 829 of the Political Code, either upon its organization or upon the defendant's subsequently renewing his residence therein.

2. Moreover, where, after the creation and the organization of the new county, the case was twice tried in the original county without objection of either party, whatever right either may have otherwise had to insist upon a transfer of the case to the new county was waived, and the jurisdiction of the original county continued.   Under such circumstances the suit could not lawfully have been transferred to the new county, over the objection of either party.

3. As between courts neither of which has corrective power over the other, one can not render a judgment binding the other to assume jurisdiction of a case when it has none; and this is true irrespective of whether the judgment might estop one or both of the parties to deny the jurisdiction of the latter court.

4. Neither the judgment of the city court of Bainbridge, transferring the case to the superior court of Seminole county, nor the judgment of

the latter court dismissing the case from its docket, is construed as dismissing the case altogether and entirely out of court, but the former judgment had the effect merely of suspending the jurisdiction of the city court pending the action of the superior court, and the case should be treated as one pending in the city court, with jurisdiction in that court revived from the day of the judgment of dismissal in the superior court. This court, in affirming the latter judgment, gives direction that at the making of the remittitur from this court the judgment of the superior court, an order be entered by the judge of that court, instructing the clerk thereof to return to the clerk of the city court of Bainbridge all the papers in the case which were transferred from the city court to the superior court, and that the case stand subject to trial in the city court.

DECIDED APRIL 17, 1925.

Trover; from Seminole superior court—Judge. Yeomans. October 22, 1924.

*M. E. O'Neal, Pottle & Hofmayer,* for plaintiff.

*T. S. Hawes, Hartsfield & Conger,* for defendant.

BELL, J. On July 15, 1919, Mrs. Z. B. Subers brought a trover suit against Harry Hirschensohn in the city court of Bainbridge, Decatur county. The defendant was duly served on July 17th. On both of the dates mentioned he was a resident of that part of Decatur county which later went into the formation of the new county of Seminole. He appeared and answered to the merits on August 19, 1919, but thereafter, in March, 1920, removed to Pennsylvania. Seminole county was created by an amendment to the constitution, ratified in 1920, and was organized on January 1, 1921 (Ga. L. 1920, p. 52). After the defendant moved to Pennsylvania, prior to the creation and organization of the new county, he was not again a resident either of that county or of Decatur county until July 4, 1921, when he moved back to the territory which was formerly a part of Decatur county but had since become a portion of Seminole. Between July 4, 1921, and March 27, 1922, the case was twice tried in the city court of Bainbridge, without objection of either party. A mistrial resulted in each instance. On the last-mentioned date the plaintiff moved for a transfer of the case to the superior court of Seminole county, alleging that the defendant was a resident of that county and that the superior court of that county alone had jurisdiction. After notice to the defendant and a hearing, the motion was granted. The defendant excepted pendente lite. When in October, 1924, the case was called for trial in Seminole superior court, the defendant filed

a plea to the jurisdiction, alleging, in substance, the facts stated above, and contending that the jurisdiction of the case was in the city court of Bainbridge. The allegations of fact in the plea were undisputed. Thereupon the judge granted an order dismissing the case, and the plaintiff excepted.

It is contended by the plaintiff in error that the judgment of dismissal was wrong for three reasons: (1) The jurisdiction of the case was in Seminole superior court. (2) But even if it was not, the case should not have been dismissed entirely, but the judge should have ordered it transferred back to the city court of Bainbridge. (3) The defendant is estopped by the judgment transferring the case from the city court to the superior court, which, although it was made the subject of exceptions pendente lite, has not been otherwise excepted to. The defendant has brought no cross-bill assigning error upon the exceptions pendente lite.

1. As to a case of this character the constitution provides that it shall be *tried* in the county of the defendant's residence, and not that it shall be *brought* in that county. Such a case must be brought there only because it must be tried there. If the defendant had not changed his residence but had continued to live in that part of Decatur county which went into Seminole county, until after the new county was created and organized, a removal of the suit to the latter county would have been proper, in the absence of anything to continue the jurisdiction of the city court. Whether a motion to transfer the case, or an order, was necessary, and whether if a motion was proper the plaintiff would have been a proper person to make it, are questions that need not be decided. It may be that the case would have been transferred by operation of law, or, if it were otherwise, that only the defendant would have been entitled to make the motion. The constitutional amendment creating the new county by reference incorporated the provisions of the Civil Code, §§ 829 to 848, inclusive. Section 829 provides: "When a new county is organized, the jurisdiction of all suits pending in the county or counties from which the new county has been laid off, of which, under the constitution and laws, the new county shall have cognizance, is transferred immediately to the corresponding courts in the new county and the jurisdiction of suits then pending in the county or city courts of the old counties is conferred upon the superior court of the

new county, together with all the court papers pertaining thereto, to which there shall be attached the certificate of the clerk of the court from whose office they came that they are the proper papers of the suit, and the amount of cost accrued therein, and the amount then due." There was no city court in Seminole county, and if the case was transferable, it was proper to transfer it to the superior court. But in our opinion the provisions of this section have no application to a case like the present, since the defendant moved his residence from Decatur county before the new county was created or organized, and since he did not become a citizen of the new county until some time afterwards. The suit was not one of which the new county would have had cognizance at the time of its establishment, because the defendant did not then reside there. The city court of Bainbridge had acquired jurisdiction before the defendant's removal to Pennsylvania, and its jurisdiction continued just as if he had never returned to this State. The case was not transferable to the new county under section 829, unless the defendant continued to reside in the part of Decatur county which was contributed to the new county until and including the time when a suit could have been commenced against him in the new county. See, in this connection, Civil Code (1910), § 6543; *Pope* v. *State,* 124 *Ga.* 801, 809 (53 S. E. 384, 110 Am. St. Rep. 197, 4 Ann. Cas. 551); *Weatherly* v. *Coller,* 142 *Ga.* 457 (1) (83 S. E. 104).

2. Furthermore, jurisdiction of the person may be conferred by consent, and the case involves a question of jurisdiction only of the person. Even if the case had been one which in the absence of waiver by one or both of the parties should have been transferred, both parties were committed to the jurisdiction of the city court of Bainbridge when, after the creation and organization of the new county, they went to trial in that court without objection. After such waiver by both, the court could not rightly have transferred the case, over the objection of either. Civil Code (1910), §§ 5663, 5664; *Barwick* v. *American Mfg. Co.,* 27 *Ga. App.* 275 (2) (108 S. E. 119); *Sanford* v. *Tanner,* 114 *Ga.* 1005 (3), 1014 (41 S. E. 668); *East Tenn. &c. Ry. Co.* v. *Suddeth,* 86 *Ga.* 388 (3) (12 S. E. 682).

There is no question here of concurrent jurisdiction. If the city court had jurisdiction, the superior court of Seminole did not

have it. And this is true *as between the parties* even though the continuance of the jurisdiction of the city court was acquired by waiver on the part of the litigants. Compare *Hines* v. *Rawson,* 40 *Ga.* 355 (1).

3. Since we have seen that in any view the case was not one that could be lawfully-transferred at the time the transfer was made, the question next arises, does the judgment of transfer operate to estop the defendant from contesting the jurisdiction of the court to which the case was transferred, where the defendant, though objecting to the transfer and filing exceptions pendente lite, brought no exceptions to this court upon which the judgment may be corrected? Assuming (without deciding) that this question *as between the parties* should be answered in the affirmative, it would not result that the superior court could be forced to assume jurisdiction by the judgment of the city court when in law and in fact it had none. As between courts neither of which has corrective power over the other, one can not bind the other on a question of jurisdiction. Compare *Dawson* v. *State,* 130 *Ga.* 127 (60 S. E. 315) ; *Cutts* v. *Scandrett,* 108 *Ga.* 620 (3) (34 S. E. 186) ; 15 C. J. 851. The case having been improperly transferred, we hold that the superior court was not obliged to retain it, although we are to consider the case as if no exception had been taken by the defendant to the judgment by which the transfer was made.

4. It follows from what we have said that the case was properly dismissed from the superior court of Seminole county for want of jurisdiction, and we will not reverse the judgment of dismissal merely because the judge failed at the same time to remand the case to the city court. The judge might have remanded it under the broad power every court has to give control and direction in the furtherance of justice to the conduct of its officers (Civil Code of 1910, § 4644 (4)), and yet he was not obliged to do so. We do not construe the judgment excepted to, however, as dismissing the case from *every* court, but merely as striking it from the docket of the superior court which rendered the judgment. Otherwise the judgment might be one affecting the merits.

If the case, therefore, had not absolutely and finally ceased to be a pending cause in the city court of Bainbridge, it was not made so by the judgment of the superior court of Seminole county. Is

it still in court somewhere? The judge of the city court did not dismiss the case to the four winds, and his judgment was not a complete release of jurisdiction, without the acceptance of it by the other court. If one party sends to another a gift, the title is still in the first until the gift is accepted; rather he does not lose the title merely because the other refuses the bounty. We think that the judgment of the city court did not amount to more than a mere suspension of the jurisdiction of that court pending the action of the superior court, and that, the dismissal by the superior court being proper, the case should be treated thereafter as still pending in the city court, with jurisdiction revived. See *Dawson* v. *State,* supra; *Queen Insurance Co.* v. *Peters,* 10 *Ga. App.* 289 (1) (73 S. E. 536).

In order to avoid injustice and confusion, this court in the exercise of the power and discretion vested in it by the constitution (*Reeves Tractor Co.* v. *Barrow,* 30 *Ga. App.* 420 (10), 118 S. E. 456), although affirming the judgment of dismissal by the superior court, will give direction that at the making of the remittitur from this court the judgment of the superior court an order be entered by the judge of that court, instructing the clerk thereof to return to the clerk of the city court of Bainbridge all papers in the case which were transferred from the city court to the superior court.

*Judgment affirmed, with direction. Jenkins, P. J., and Stephens, J., concur.*