### 16178. WHITTEN *v.* McMILLAN.

The verdict in this case, finding "in favor of the homestead, to apply to" specified articles, was not authorized by the pleadings; and it and the judgment based thereon must be set aside.

DECIDED MAY 14, 1925.

Attachment; from city court of Claxton—Judge Elmore. December 20, 1924.

*R. M. Girardeau, P. M. Anderson,* for plaintiff.

*S. T. Brewton, J. Saxton Daniel,* for defendant.

BLOODWORTH, J. An attachment for the purchase-money of

3

certain articles of personal property was issued and made returnable to the city court of Claxton. The attachment was levied on the articles specified in the affidavit, and the plaintiff filed a declaration in attachment. The defendant filed pleas in which he admitted the purchase of the articles named in the attachment, but alleged that he had turned over to plaintiff enough property to pay for them; that he had done certain work for plaintiff that was also to be credited on the bill for these goods; and that "most of said property has been set apart to himself, his wife and minor children under the statutory or short homestead, for the support of himself and family, and that said property is not subject to levy and sale." Upon the trial the jury rendered the following verdict: "We, the jury, find in favor of the homestead, to apply in following articles: 1 pr. folding springs, 2 iron bedsteads, Simmons make, 1 cooking stove and utensils, 5 common chairs." In his motion for a new trial plaintiff in error insists, that, "under any view of the evidence, the plaintiff is entitled to a verdict for at least $70.00; that the verdict rendered does not cover the issues made by the pleadings and the evidence, in that no verdict is rendered for the plaintiff in any amount, nor for the defendant, except for a part of the property attached; and for these reasons movant says that a new trial should be granted. Movant says that the verdict is so incomplete and defective that no lawful judgment could be entered thereon that would cover the issues made by the pleadings and the evidence, and for this reason a new trial should be granted."

*Held:* (a) Under the pleadings in this case the plaintiff, if the evidence does not show that he has been paid in full, is entitled "to a general judgment against the defendant in addition to a judgment on the attachment" (*Johnson* v. *Wood Stove Co.*, 6 *Ga. App.* 66 (2)), and (b) the verdict rendered was not authorized by the pleadings, and it and the judgment based thereon must be set aside.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*