45421.   BURGESS v. NABERS.

Argued June 9, 1970—Decided September 15, 1970.

B. Hugh Ansley, for appellant.

Henning, Chambers, Mabry & Crichton, Edward J. Henning, Fred W. Minter, for appellee.

DEEN, Judge. ■ Headnote 1 needs no elaboration.

■ From the fact that the Civil and Criminal Court of DeKalb County has certified to this court that all of the record filed in the Superior Court of DeKalb County which involves the claims of Davidson against Burgess on which the judgment was entered was certified to it on May 11, 1970, after the appeal was docketed in this court, it is apparent that it was no part of the record in the civil court on December 29, 1969, whether or not it was physically present in the clerk's office on that date and whether or not the failure to file it was inadvertent. It can therefore not be considered as an authentic part of the record on appeal.

The judgment appealed from is against Burgess, defendant in the civil court action, and in favor of Davidson, a person not a party to that action. Unless he became a party, and unless he filed pleadings seeking a money judgment against Burgess, it is obviously contrary to all standards of due process to allow the judgment to stand. "It is fundamental that the legal liability of one person to another can be ascertained only in an action brought against such person by the other in a court of competent jurisdiction. Code § 110-501." State Farm Mut. Auto. Ins. Co. v. Girtman, 113 Ga. App. 54, 57 (147 SE2d 364). "A personal judgment can not be obtained against a person who is not named as a party defendant and properly served in the action." Webb & Martin, Inc. v.

*Anderson-McGriff Hardware Co.,* 188 Ga. 291 (2) (3 SE2d 882). Nor by the same token may a judgment be rendered against a party defendant in favor of one who is not a party to the case. Neither can it grant relief as to matters not pleaded. *Griffeth v. Haygood,* 174 Ga. 22 (161 SE 831); *White v. Spahr,* 207 Ga. 10 (59 SE2d 916); *Whitten v. McMillan,* 34 Ga. App. 33 (128 SE 211). "Before a plaintiff is entitled to recover, both the pleadings and the proof must authorize such a recovery." *Rountree & Leak v. Craigmiles,* 12 Ga. App. 237, 238 (77 SE 15). *Code Ann.* § 81A-115 (b) provides that when issues not raised by the pleadings are tried by express or implied consent of the parties the pleadings shall be considered as if amended to include the issue, but implied consent to introduce evidence relating to a party and cause of action not within the framework of the lawsuit cannot be implied from the absence of the other party on the trial of the case. The counterclaim of Davidson against Burgess filed in the Superior Court of DeKalb County, based on Davidson's alleged right as assignee of certain tort claims of a defunct loan company against Burgess for alleged ultra vires acts of Burgess as an employee of the corporation could by no stretch of the imagination come within the issues made by Mrs. Nabers' suit on a note executed by him in her favor. Nor, under *Code Ann.* § 81A-125 (c) was Davidson entitled to recover as assignee of Mrs. Nabers' note "unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party" and service perfected as set out in *Code Ann.* § 81A-125 (c).

■ There remains only the question of whether the order of remand of the superior court judge transferred the superior court action (not simply the civil court action which had been temporarily abated) to the civil court for trial. "As between courts neither of which has corrective power over the other, one can not render a judgment binding the other to assume jurisdiction of a case when it has none." *Subers v. Hirschensohn,* 33 Ga. App. 752 (3) (127 SE 825). In the absence of pleadings properly filed and parties properly made in the civil court, it had no jurisdiction of Davidson on the cause of action on which recovery was granted. "Unless expressly authorized so to do, a court has no authority to transfer a

cause from itself to another court, and thereby give the other court possession of the case to hear and determine it, although the other court would have had jurisdiction of the cause if it had come to it by due process." 21 CJS 769, Courts, § 502 and cit. No order of consolidation was taken, nor could it have been, absent the consent of the parties. *Code Ann.* § 81A-142 (2). "The supervisory control of the superior court over inferior judicatories exists only for specified purposes, viz., either to correct errors in their proceedings in a particular case, or to command them to fulfill their official duties in such a case where, from any cause, a defect of legal justice would ensue from a failure or improper discharge of such duties, or to prohibit or arrest illegal proceedings by any officer of such courts, where no other legal remedy or relief is given, and where such interference is required by some principle of right, necessity, and justice. This jurisdiction is exercised by statutory writs, such as certiorari, mandamus or prohibition." *In re Lester,* 77 Ga. 143(b).

The order of remand of the superior court had no effect except to reinstate the suit of Nabers based on the Burgess note for further proceedings in the Civil and Criminal Court of DeKalb County. Davidson was not and is not a party to that action. The judgment in his favor is therefore completely void.

*Judgment reversed. Hall, P. J., concurs in Divisions 1 and 2 and in the judgment. Evans, J., concurs specially.*

EVANS, Judge, concurring specially. I concur in the judgment but not all that is said in the opinion. It appears that the suit filed in the superior court was one in equity. Thereafter the court dissolved its ex parte restraining order and remanded the case "together with all pleadings" to the Civil and Criminal Court of DeKalb County. The effect of such order, in my opinion, was a dismissal of the case for lack of jurisdiction for equitable relief. Thus, if the court had no jurisdiction, any remand of the cass was nugatory. For this reason alone I would reverse the judgment.