59232. IN RE LONG.

DEEN, Chief Judge.

This is an application under Code § 24A-3504 to order the sealing of the files and records of an adjudicated delinquent. To achieve this result it must be shown that at least two years have elapsed since the final discharge; that he has not been convicted in the meantime of a felony or misdemeanor involving moral turpitude, that there are no pending charges, and that he has been rehabilitated. From an adverse decision the applicant files this appeal.

(a) Where, after hearing, the records are ordered sealed, all index references are deleted and "the child, the

court and the police may state, under oath or otherwise, that the proceeding never occurred." See Comment, Code § 24A-3504. Only the subject of the order may thereafter be permitted inspection of such record, together with such persons as may be named by the judge hearing the application.

(b) The form and substance of the Juvenile Court Code (Ga. L. 1971, p. 709 et seq.) is to give the child care conducive to his welfare and to restore him as a law-abiding member of society. Code § 24A-101. Insofar as possible the privacy of the child's conduct is preserved. The public is generally excluded from hearings. Law enforcement records are kept separate and generally not open to public inspection. Thus, except for those having a bona fide reason for inquiry, the proceedings are shielded from general view. But in addition, and in order that the child who has become a decent member of society may be protected from the effects of youthful misconduct, he has the further option, after a period of time, of showing his improved record and rehabilitated condition, and the entire proceeding is expunged and ceases, for all practical purposes, to exist. The corollary is that the burden of showing such rehabilitation is on the applicant and that the trial judge has a wide discretion in determining from all the evidence before him whether this burden has been carried. But the decision must in the last analysis be founded in legal proof and not mere supposition.

(c) Without going into the question of whether obstruction of a police officer, which is a misdemeanor, (Code § 26-2505) may involve moral turpitude, it is safe to say that a conviction for this offense without more knowledge of the circumstances cannot be held to do so as a matter of law. In general the phrase "moral turpitude" refers to felonies which are malum in se. *Lewis v. State*, 243 Ga. 443 (254 SE2d 830) (1979). The rule appears to have been broader at common law. See Green, Ga. Law of Evidence 346, § 139. The applicant since his discharge had a simple battery conviction and perhaps other convictions growing out of some incident dated December 12, 1974, and other arrests which appear to have been dead docketed or dismissed on July 16, 1975, March 7, 1977, February 2, 1976, and January 31, 1979. None of

these involve moral turpitude so as to be grounds for a mandatory denial of the application.

(d) Other than the record presented by the state, the applicant offered the testimony of a probation officer and the program director of PATCH, an educational youth program. Both testified without contradiction that they had known the applicant for several years, that his work with PATCH was valuable and that he handled himself well and had "come a long way" toward rehabilitation. Long himself was not called to testify. The judge then stated, "He has not complied with the statute. The mere fact he has been arrested for crimes is certainly showing he is not rehabilitated." She thereafter entered an order denying the application, citing two convictions for simple battery and stating that "the evidence shows many other encounters with the law which did not result in convictions," and that "because of said arrest and conviction record" the evidence fails to show rehabilitation.

We reverse and remand this case for a new hearing, not because the decision of the court is necessarily erroneous, but because it appears to have been based on an erroneous legal theory. An arrest without more is not proof of guilt. It appears both from the statements of the judge and from her order that she was in large part convinced the applicant had not been rehabilitated because he had been arrested on several occasions. This may well be true, but considering the boy's work with PATCH and association with deprived and perhaps delinquent children, plus his former record, it is important to reach a decision as to why the arrests were made and if dismissed, as they were, whether this was because of a finding of innocence or for some other reason. The applicant himself should certainly have been examined on this subject, and other evidence might also have been forthcoming on inquiry. We therefore remand for a further hearing in accordance with what has been herein stated.

*Judgment reversed and case remanded for further evidence. Birdsong and Sognier, JJ., concur.*

SUBMITTED JANUARY 14, 1980 — DECIDED MARCH 13, 1980.

*Paul McGee,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert, III, George G. Geiger, Assistant District Attorneys,* for appellee.