## 76842. IN THE INTEREST OF W. J. K.
### (372 SE2d 681)

BEASLEY, Judge.

The Georgia Department of Human Resources, for the Houston County Department of Family and Children Services (DFACS), appeals the order of the Juvenile Court sealing records pursuant to OCGA § 15-11-61.

Although the record here contains none of the papers related to the original activity involved, it appears from the hearing conducted on the request to seal, submitted on behalf of her son by the mother, that the parents of W. J. K. had filed a complaint with the sheriff's department alleging sexual activity between their son and two other young boys, which could have been grounds for a delinquency petition in juvenile court. No petition was ever filed. Apparently, no resolution was made, i.e., no adjudication was entered and no informal adjustment was engaged in. The sheriff's department contacted DFACS and W. J. K. did go for mental health counseling, but DFACS stated he had not completed it and contended that he was "not rehabilitated."

W. J. K., after reaching the age of 17, sought via his mother's request to have the records sealed. The clerk of the juvenile court sent notification of it to the appropriate entities, including the Houston County DFACS, the local arm of appellant Department.

The Department had no objections to the sealing of any records contained in the juvenile court and law enforcement files, and agreed that any of its records which originated from that court or a law enforcement agency could appropriately be sealed. Thus, no issue arises before us in this regard. The Department contended, however, that any records of its investigation which were not a part of a court proceeding could not be sealed.

During the hearing on the request to seal, the court indicated that the only authority relating to sealing of records outside the court and law enforcement agencies, which the Department was not, was that provided by the Uniform Juvenile Court Rules, 254 Ga. 763, apparently referring to USCR 3.4. The court then ordered sealed all records relating to W. J. K. in the possession of the court, law enforcement agencies, and "all departments," including appellant. OCGA § 15-11-61 provides: "(a) On application of a person who has

been adjudicated delinquent or unruly or on the court's own motion, . . . , the court shall order the sealing of the files and records in the proceeding, including those specified in Code Sections 15-11-59 [law enforcement records concerning children] and 15-11-60 [juvenile fingerprints and photographs], if the court finds that: (1) Two years have elapsed since the final discharge of the person; (2) Since the final discharge of the person he has not been convicted of a felony or of a misdemeanor involving moral turpitude or adjudicated a delinquent or unruly child and no proceeding is pending against him seeking conviction or adjudication; and (3) He has been rehabilitated. . . . (c) Upon the entry of the order the proceeding shall be treated as if it had never occurred."

What is subject to sealing under this section is "the proceeding" which results in an adjudication of delinquency or unruly. Such proceedings are initiated either by complaint, as provided by UJCR 4.1-4.4, or by the filing of a petition, as provided by OCGA § 15-11-11 and UJCR 5, which, according to section 15-11-11, commences a proceeding under the Juvenile Code.

A complaint or a petition may be disposed of by informal adjustment, which is a means of counseling the child without an adjudication. OCGA § 15-11-14; UJCR 4.3. If informal adjustment is used after the filing of a petition, the petition is withdrawn. UJCR 4.3. The rules also provide that a person who has had his case informally adjusted may request that the "files and records in the proceeding" be sealed. UJCR 3.4.

The juvenile court is "a court of special and limited jurisdiction. . . ." having only those powers given to it by the legislature. *Williams v. Dept. of Human Resources*, 150 Ga. App. 610 (1) (258 SE2d 288) (1979); see *Worthy v. State*, 253 Ga. 661 (1) (324 SE2d 431) (1985); *In the Interest of J. J. S.*, 246 Ga. 617, 618 (1) (272 SE2d 294) (1980); *Lane v. Jones*, 244 Ga. 17, 19 (1) (257 SE2d 525) (1979); *Parham v. Baldwin County &c. Children Svcs.*, 161 Ga. App. 436, 437 (1) (288 SE2d 354) (1982).

Considering OCGA § 15-11-61 in this environment, and giving the words their ordinary signification, OCGA § 1-3-1 (b), the only items subject to sealing by the juvenile court are the files and records in the proceeding generated by complaint or petition, which include those records and files of law enforcement agencies that were involved in that proceeding and photographs and fingerprints of the juvenile taken in connection with the proceeding. See *In re Long*, 153 Ga. App. 883, 884 (267 SE2d 481) (1980). The rules also provide that the sealing may include any agency or department to which "any information or records have been disseminated."

Although the record here is sparse, it is clear that there was no adjudication of delinquency or unruliness, and that there was no in-

formal adjustment as defined in UJCR 4.3. Thus, pretermitting whether sealing after informal adjustment is authorized, given the language of OCGA § 15-11-61, and whether there was a court "proceeding," the first condition precedent for sealing the records was not met. OCGA § 15-11-61; UJCR 3.4. The Department's separately generated information is confidential, OCGA § 49-5-40, and subject to access only under specific circumstances. OCGA § 49-5-41. To the degree its records did not become part of a juvenile court proceeding, they are not sealable under OCGA § 15-11-61 or USCR 3.4.

*Judgment reversed. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED SEPTEMBER 7, 1988.

*Michael J. Bowers, Attorney General, Marion O. Gordon, First Assistant Attorney General, Carol A. Cosgrove, Senior Assistant Attorney General,* for appellant.

*Charlotte M. Hobson,* for appellee.

William Kennedy, Betty Kennedy, *pro se.*