## A09A2001. BONNER v. THE STATE.
### (690 SE2d 216)

PHIPPS, Judge.

Fifteen-year-old Terrance Dewayne Bonner was indicted in superior court for armed robbery and possession of a firearm during

YALE LAW LIBRARY

the commission of a crime. He moved to dismiss the indictment on the ground that the prosecution was barred by double jeopardy because he previously had been adjudicated delinquent in juvenile court for the acts alleged in the indictment. The superior court denied Bonner's motion, holding that jeopardy had not attached during the delinquency adjudication because the juvenile court had lacked jurisdiction in that proceeding. Bonner appeals, and finding no error, we affirm.

On June 9, 2008, two persons robbed a woman and attempted to take her car. The woman told police that one of the persons had pointed a gun at her. She subsequently identified Bonner as one of the perpetrators, and on June 11, the state filed a complaint against him in juvenile court alleging acts constituting armed robbery, aggravated assault, and attempted carjacking. At a June 12 hearing, Bonner admitted to the complaint allegations. The juvenile court then heard evidence relating to the allegations and Bonner's admission thereto, including testimony that the robbery was committed with a gun. At the hearing, the juvenile court stated that it had jurisdiction over the matter and adjudicated Bonner delinquent. Pertinently, in a restrictive custody commitment order, the juvenile court stated that Bonner

> was identified as the person who possessed a pistol, and, in the company of a co-defendant, came up behind the victim, placing the pistol to her head and ordering her to give him her car keys. . . . When witnesses tried to come to the aid of the victim, [Bonner] allegedly pointed the pistol at the witnesses and threatened to shoot them.

According to the superior court's order denying Bonner's motion to dismiss, shortly after Bonner's adjudication the state moved in juvenile court to withdraw Bonner's admission, asserting that the superior court had exclusive jurisdiction over the case because it involved allegations of armed robbery with a firearm; the juvenile court deferred ruling on the motion.[1] On July 15, 2008, Bonner was indicted in superior court in connection with the June 9 incident.

We review the superior court's denial of Bonner's motion to dismiss the indictment on the ground of double jeopardy to determine "whether . . . the trial court's findings support its conclusion."[2]

---

[1] Neither this motion nor the juvenile court's response thereto is contained in the record on appeal.

[2] *Simile v. State*, 259 Ga. App. 106, 107 (576 SE2d 83) (2003) (citation and punctuation omitted).

Constitutional protections against double jeopardy apply to juvenile proceedings.[3] But

> it is . . . a longstanding principle of law that the judgment of a court having no jurisdiction of the person or subject matter, or void for any other cause, is a mere nullity and may be so held in any court when it becomes material to the interest of the parties to consider it. A void judgment does not bar a successive prosecution for the same offense under principles of double jeopardy.[4]

"The juvenile court is a court of special and limited jurisdiction, having only those powers given to it by the legislature."[5] The legislature, in OCGA § 15-11-28 (b) (2) (A) (vii), has given exclusive jurisdiction over the trial of a child 13 to 17 years old, who is alleged to have committed armed robbery with a firearm, to the superior court rather than the juvenile court. The record reflects that Bonner was alleged in the juvenile court to have committed acts constituting armed robbery with a firearm. Thus, Bonner's assertion that the superior court did not have exclusive jurisdiction, but instead had concurrent jurisdiction with the juvenile court,[6] is meritless. Because the superior court had exclusive jurisdiction under OCGA § 15-11-28 (b) (2) (A) (vii), the juvenile court lacked jurisdiction to adjudicate Bonner delinquent for acts constituting armed robbery, notwithstanding the state's initial participation in the juvenile proceedings or Bonner's admission of the allegations in that court.[7] Accordingly, the juvenile court's adjudication of Bonner as delinquent was void,[8]

---

[3] See *In the Interest of J. B. W.*, 230 Ga. App. 673, 675 (497 SE2d 1) (1998).

[4] *Roberts v. State*, 280 Ga. App. 672, 674 (634 SE2d 790) (2006) (citations and punctuation omitted); see also *State v. Perkins*, 276 Ga. 621, 623 (580 SE2d 523) (2003) (discussing "jurisdictional exception to the bar of former jeopardy"); *Jackett v. State*, 209 Ga. App. 112 (432 SE2d 586) (1993) (jeopardy does not attach, and thus the federal and state Constitutions do not bar subsequent prosecution, where the first proceeding was not in a court of competent jurisdiction).

[5] *In the Interest of W. J. K.*, 188 Ga. App. 299, 300 (372 SE2d 681) (1988) (citations and punctuation omitted); see Ga. Const. of 1983, Art. VI, Sec. IV, Par. I (superior courts have "exclusive jurisdiction over trials in felony cases, except in cases of juvenile offenders *as provided by law*") (emphasis supplied).

[6] See OCGA § 15-11-28 (b) (1).

[7] See *Abushmais v. Erby*, 282 Ga. 619, 622 (3) (652 SE2d 549) (2007) (parties may not confer subject matter jurisdiction on court by agreement or waive jurisdictional argument by failing to raise it); *In the Interest of B. G. D.*, 224 Ga. App. 124, 125 (1) (479 SE2d 439) (1996) (juvenile court's jurisdiction cannot be conferred by the parties' consent).

[8] See *J. T. M. v. State of Ga.*, 142 Ga. App. 635, 638 (2) (236 SE2d 764) (1977) (where superior court, rather than juvenile court, had jurisdiction, proceedings in juvenile court were void); see also *Lockhart v. Stancil*, 258 Ga. 634 (373 SE2d 355) (1988) (because juvenile court is a court of special and limited jurisdiction, its judgment is void on its face if it does not recite

and jeopardy did not attach during the juvenile court proceeding.[9]

We find no merit in Bonner's contention that, because the juvenile court held that it had jurisdiction (notwithstanding its finding that a firearm was involved), the doctrine of res judicata barred the state from raising the issue of jurisdiction before the superior court. Res judicata does not apply to a judgment that is void for lack of jurisdiction.[10]

*Judgment affirmed. Smith, P. J., and Bernes, J., concur.*

DECIDED JANUARY 20, 2010.

*Lark N. Bedrick*, for appellant.
*Howard Z. Simms, District Attorney, Gregory W. Winters, Assistant District Attorney*, for appellee.

---

facts demonstrating its jurisdiction).

[9] See *Roberts*, supra.

[10] See *Fowler v. Vineyard*, 261 Ga. 454, 455 (1) (405 SE2d 678) (1991) (to bar subsequent action under res judicata doctrine, first action must have involved adjudication by court of competent jurisdiction). Cf. *Lincoln v. State*, 138 Ga. App. 234, 235-236 (3) (225 SE2d 708) (1976) (where juvenile court had concurrent jurisdiction, its decision to try defendant as a juvenile was res judicata over subsequent superior court proceeding, and thus superior court should have dismissed indictment on ground of double jeopardy).