**FIFTH DIVISION
MCFADDEN, P. J.,
GOBEIL and LAND, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**August 22, 2022**

# In the Court of Appeals of Georgia

A22A1062. IN THE INTEREST OF R. J. A., a child.

MCFADDEN, Presiding Judge.

This appeal presents an unusual situation. Essentially, both a superior court and a juvenile court have declined to exercise jurisdiction over the adjudication of allegations that R. J. A. committed offenses, including rape, when he was 16 years old. Although the superior court had exclusive original jurisdiction over the trial of the case, see OCGA § 15-11-560 (b) (4), it transferred the case to the juvenile court pursuant to OCGA § 17-7-50.1 (b), which requires a superior court to transfer a case against a detained child to the juvenile court if the grand jury does not return an indictment against the child within a specified period of time. But the juvenile court concluded that R. J. A. had *not* been detained for that entire period of time and, finding no other statutory basis upon which to exercise jurisdiction, it transferred the

case back to the superior court. R. J. A. directly appeals from the juvenile court's transfer order.

Although neither court made an express finding about jurisdiction, the juvenile court's jurisdiction is at the heart of this case. As detailed below, we find that the juvenile court was authorized to assess its jurisdiction, that there was no statutory basis for the juvenile court's exercise of jurisdiction over the adjudication of the allegations against R. J. A., and that under these circumstances the juvenile court did not err in transferring the case back to the superior court. So we affirm.

1. *Procedural history.*

On March 1, 2019, R. J. A. was arrested for a rape that allegedly occurred the prior September, when he was 16 years old. He was initially denied bond, but on April 11, 2019 the superior court granted him a bond that included a special condition requiring him to "immediately enroll in and provide proof of an ankle GPS monitored home confinement monitoring system." The bond order further provided that R. J. A. "shall only be allowed to leave his home for the purposes of school, work, necessary legal and medical appointments and one religious service per week."

On October 23, 2019, a grand jury brought a bill of indictment against R. J. A., charging him with rape and with possession of a firearm during the commission of

a felony. On December 16, 2019, R. J. A. moved to transfer the case to juvenile court. He argued in that motion that the superior court was required to transfer the case under OCGA § 17-7-50.1, because he was a juvenile at the time of the alleged offenses and the state had not indicted him within 180 days of being detained.

R. J. A.'s transfer motion remained pending until September 7, 2021, when the superior court entered an order granting it. In its entirety, that order stated:

> Defendant having filed a motion to transfer the above-styled case to juvenile court for the State's failure to present the case to the grand jury within 180 days as required pursuant to OCGA § 17-7-50.1 (a), and the State having consented to said transfer, the Court hereby, GRANTS, Defendant's Motion to Transfer, and the Clerk shall transfer the above-styled case to the Gwinnett County Juvenile Court pursuant to OCGA § 17-7-50.1 (b).

On October 14, 2021, the state filed a delinquency petition against R. J. A. in the juvenile court. But on October 26, 2021, the state filed a motion to transfer the case back to the superior court, arguing that the superior court had exclusive jurisdiction over the trial of the case and that OCGA § 17-7-50.1 did not permit the transfer because R. J. A. had not been detained for 180 days. The juvenile court agreed with the state. After an evidentiary hearing, the juvenile court found that the superior court's transfer of the case under OCGA § 17-7-50.1 was "voided as a matter

of law" and that there was no other statutory basis for the transfer. So on November 29, 2021 the juvenile court granted the state's motion and transferred the case back to superior court.

2. *Appellate jurisdiction.*

As an initial matter, we have jurisdiction over this appeal under OCGA § 15-11-564 (a), which "allows for a direct [appeal], rather than an interlocutory appeal, in a case in which juveniles filed a direct appeal from a juvenile court's order granting the [s]tate's motion to transfer their delinquency cases to superior court." *In the Interest of B. B.*, 359 Ga. App. 628 (1) (859 SE2d 575) (2021). See *In the Interest of K. S.*, 303 Ga. 542, 545-546 (814 SE2d 324) (2018).

The state argues that OCGA § 15-11-564 (a) does not apply because the order on appeal was not, in the state's words, "a traditional transfer of the case" under OCGA §§ 15-11-561 and 15-11-562, which pertain to a juvenile court's optional transfer of a delinquency action over which it had concurrent jurisdiction with the superior court. Instead, the juvenile court transferred the case back to the superior court on what were essentially jurisdictional grounds under OCGA § 15-11-560, which establishes the jurisdiction of superior courts and juvenile courts in cases involving felony allegations against juveniles. The state makes no meaningful

4

argument for why we should exclude a transfer for lack of jurisdiction from the direct appellate review permitted in OCGA § 15-11-564 (a).

3. *Analysis.*

In their appellate briefs, R. J. A. and the state focus many of their arguments on whether the juvenile court had the authority to review or void the superior court's order. We do not adopt that framing of the issue. The juvenile court was not reviewing the superior court's order; it was assessing its own jurisdiction. See generally *State v. Armendariz*, 316 Ga. App. 394, 396-397 (1) (729 SE2d 538) (2012) (explaining that the procedure established in OCGA § 17-7-50.1 pertains to jurisdiction). So in our view, the correctness of the juvenile court's decision to transfer the case back to the superior court breaks down into three more fundamental questions: Could the juvenile court decide for itself whether it had jurisdiction to adjudicate the claims against R. J. A.? If so, did the juvenile court lack jurisdiction to adjudicate those claims? And finally, if it lacked jurisdiction, was the juvenile court authorized to transfer the case back to the superior court? We answer each of these questions affirmatively.

(a) *The juvenile court could decide its jurisdiction.*

5

"[I]t is always the duty of a court to inquire into its jurisdiction." *Gutierrez v. State*, 290 Ga. 643, 644 (723 SE2d 658) (2012) (citations and punctuation omitted). Contrary to R. J. A.'s argument, the juvenile court was not bound by any ruling of the superior court as to the juvenile court's jurisdiction. "As between courts neither of which has corrective power over the other, one can not render a judgment binding the other to assume jurisdiction of a case when it has none." *Burgess v. Nabers*, 122 Ga. App. 445, 448 (3) (177 SE2d 266) (1970) (citation and punctuation omitted) (physical precedent). Accord *Subers v. Hirschensohn*, 33 Ga. App. 752, 756 (127 SE 825) (1925).

(b) *The juvenile court lacked jurisdiction to adjudicate the delinquency charges.*

"The juvenile court is a court of special and limited jurisdiction, having only those powers given to it by the legislature." *Bonner v. State*, 302 Ga. App. 57, 59 (690 SE2d 216) (2010) (citations and punctuation omitted). Under the Georgia constitution, superior courts have "exclusive jurisdiction over felony cases, except in the case of juvenile offenders *as provided by law*." Ga. Const. of 1983, Art. VI, Sec. IV, Par. 1 (emphasis supplied).

6

Our juvenile code gives the juvenile court concurrent jurisdiction with the superior court in most cases involving felony allegations against a child. See OCGA § 15-11-560 (a). But the juvenile code does *not* give the juvenile court concurrent jurisdiction over cases involving allegations of rape against a teenaged child. Instead, it gives the superior court exclusive original jurisdiction over the trial of a "child 13 to 17 years of age who is alleged to have committed . . . [r]ape[.]" OCGA § 15-11-560 (b) (4). So unless otherwise provided by law, the superior court has exclusive jurisdiction over the rape charge against R. J. A. and the juvenile court cannot exercise jurisdiction to adjudicate that charge.

As the juvenile court recognized in its transfer order, the juvenile code permits cases over which the superior court has exclusive jurisdiction to be transferred to juvenile court under certain situations that do not apply here. See OCGA § 15-11-560 (d) (permitting a district attorney, before indictment, to decline to prosecute a case in the superior court and instead cause a delinquency petition to be filed in juvenile court); OCGA § 15-11-560 (e) (1) (permitting the superior court to transfer to the juvenile court certain cases over which it has exclusive jurisdiction, but excluding from this authority cases involving allegations of rape).

Instead, the superior court based the transfer of this case to juvenile court on a provision of criminal procedure, OCGA § 17-7-50.1, which limits the time of presentment of a case against a child to the grand jury. It states: "Any child who is charged with a crime that is within the jurisdiction of the superior court, as provided in Code Section 15-11-560 . . . , who is detained shall within 180 days of the date of detention be entitled to have the charge against him or her presented to the grand jury." OCGA § 17-7-50.1 (a). It further provides: "If the grand jury does not return a true bill of indictment against a detained child within the time limitations set forth in subsection (a) of this Code section, the detained child's case shall be transferred to the juvenile court and shall proceed thereafter as provided in [the juvenile code]." OCGA § 17-7-50.1 (b).

By its terms, OCGA § 17-7-50.1 only applies, and only authorizes the transfer of a case to juvenile court, if the child has been detained for at least 180 days before the indictment. *State v. Coleman*, 306 Ga. 529, 531 (832 SE2d 389) (2019). The statute does not define the word "detained," but our Supreme Court held in *State v. Coleman* that "[r]eading the statute in its most natural and reasonable way, . . . the 180-day time limitation in OCGA § 17-7-50.1 does not apply to a juvenile who is

8

released and remains on bond prior to the running of 180 days." *Coleman*, 306 Ga. at 532.

R. J. A. argues that an open question remains as to whether this reading of OCGA § 17-7-50.1 applies when a juvenile is released on a bond with conditions such as home monitoring. He notes that our Supreme Court declined to answer that question in *State v. Johnson*, 292 Ga. 409, 410 (738 SE2d 86) (2013), a decision that predated *Coleman*, and he argues that we should construe the word "detained" in OCGA § 17-7-50.1 to include home confinement.

But *Coleman* forecloses R. J. A.'s argument. Although that decision does not speak directly to the question that the Supreme Court left open in *Johnson*, the archival records of *Coleman* reveal that, like R. J. A., the defendant in that case was released from bond with conditions including home confinement.[1] Nevertheless, the Supreme Court held that, once he was released on bond, the defendant in *Coleman*

---

[1] Both our Supreme Court and this court occasionally look to archived records to distinguish authority. See, e. g., *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 29 (1) & n. 2 (343 SE2d 680) (1986); *Little Ocmulgee Elec. Membership Corp. v. Lockhart*, 212 Ga. App. 282, 284-285 (2) (441 SE2d 796) (1994) (physical precedent). But see *Mom Corp. v. Chattahoochee Bank*, 203 Ga. App. 847, 848 (2) (418 SE2d 74) (1992) ("Notwithstanding their paucity, it is the facts contained within an officially reported case which have legal significance when applying the case as precedent[.]") (citation and punctuation omitted).

was no longer detained within the meaning of OCGA § 17-7-50.1. *Coleman*, 306 Ga. at 532.

We therefore hold that, because R. J. A. was released and remained on bond prior to the running of 180 days, he was not detained within the meaning of OCGA § 17-7-50.1. So the case did not run afoul of the time limitation set by that Code section. This means that, even though the superior court cited OCGA § 17-7-50.1 as the basis for transferring the case to the juvenile court, the superior court continued to have exclusive jurisdiction over the case. See *State v. Baxter*, 300 Ga. 268, 270 (794 SE2d 49) (2016) (OCGA § 17-7-50.1 operates to divest a superior court of its exclusive original jurisdiction only if that Code section's time limitation for returning an indictment is not met). The transfer did not have the effect of actually vesting jurisdiction in the juvenile court. See *Burgess*, 122 Ga. App. at 448-449 (3) ("'Unless expressly authorized so to do, a court has no authority to transfer a cause from itself to another court, and thereby give the other court possession of the case to hear and determine it[.]'") (quoting 21 CJS 769, Courts, § 502) (physical precedent). See also *Carpenter v. Carpenter*, 276 Ga. 746, 746-747 (1) (583 SE2d 852) (2003) (a superior court lacked jurisdiction to rule on a caveat to a will, even though the probate court had transferred the case to the superior court, because the probate court had exclusive

jurisdiction over the subject matter and the record did not show that a statutory procedure that would have authorized the superior court judge to sit over the matter had been followed).

The fact that the state consented to the transfer does not alter this conclusion. "Parties cannot, by their consent, confer subject matter jurisdiction on a court that does not otherwise have it." *Weatherbed v. State*, 271 Ga. 736, 739 (524 SE2d 452) (1999). "Because the superior court had exclusive jurisdiction under [OCGA § 15-11-560 (b) (4)], the juvenile court lacked jurisdiction to adjudicate [R. J. A.] delinquent for acts constituting [rape], notwithstanding the state's initial [consent to have the case transferred to juvenile court]." *Bonner*, 302 Ga. App. at 59.

(c) *The juvenile court was authorized to transfer the case back to the superior court.*

To the extent R. J. A. argues that the juvenile court had no authority to transfer the case back to the superior court, we disagree. "The juvenile court shall have jurisdiction to act as a court of inquiry with all of the powers and rights allowed courts of inquiry in this state[.]" OCGA § 15-11-7 (a). Among other things, a court of inquiry has a duty "to require [an accused] to appear and answer before the court competent to try him." OCGA § 17-7-23 (a). See also OCGA § 15-11-7 (b) (a

juvenile court, having found probable cause to believe that a person has committed a misdemeanor or felony, may "bind [the person] over to the court of proper jurisdiction in this state").

Our decision in *In the Interest of C. B.*, 313 Ga. App. 778 (723 SE2d 21) (2012), on which R. J. A. relies, is inapposite. In that case, we reversed a juvenile court order transferring back to a superior court a case the superior court had transferred under OCGA § 17-7-50.1. But unlike here, the juvenile in *In re C. B.* had been detained for more than 180 days without being indicted. See id. at 779. So, unlike here, the superior court lost jurisdiction to try the case. Id. We held that "a transfer back to the superior court under those circumstances is pointless since an indictment returned by the grand jury would be void." Id. at 780.

We are also not persuaded by R. J. A.'s arguments that the state should have taken different actions, such as directly appealing from the superior court's transfer order, rather than asking the juvenile court to transfer the case back. These arguments do not affect the juvenile court's jurisdiction, nor do they preclude the juvenile court from transferring the case to a court that can exercise jurisdiction over the trial.

*Judgment affirmed. Gobeil and Land, JJ., concur.*

12