### 6562.   CURRY *v.* THE STATE.

BROYLES, J.  1. It was not error for the court to refuse to permit the defendant, for the purpose of discrediting a witness for the State, to prove that the witness had served a sentence imposed upon him by the police court for the offense of fighting. Fighting does not involve moral turpitude, and consequently a conviction therefor was no proof of bad character. *Andrews* v. *State*, 118 *Ga.* 1 (3) (43 S. E. 852).

2. The excerpt from the charge of the court upon the law of impeachment of witnesses, complained of in the fifth ground of the motion for a new trial, when taken with its context, did not require the grant of a new trial.

3. The following charge of the court is objected to: "A description of the hammer was given by some witness as being an ordinary carpenter's hammer,—claw-hammer; probably the jury understands what an ordinary carpenter's claw-hammer is." This charge was objected to as being an intimation of the court's opinion as to what had been proved. The undisputed evidence (not even denied in the defendant's statement)

was that the defendant struck the prosecutor with an ordinary carpenter's claw-hammer. The kind of hammer used was not an issue in the case, and especially, in view of the verdict returned (merely of assault and battery), the question of what particular kind of hammer was used was entirely immaterial. Hence the intimation by the court, if it was an intimation, that the hammer used was an ordinary carpenter's claw-hammer, was not error. *Johnson* v. *State*, 30 *Ga.* 426 (4, 5); *Jones* v. *State*, 65 *Ga.* 621; *Taylor* v̇. *State*, 135 *Ga.* 622 (8), 625 (70 S. E. 237).

4. There was no error in the omission of the court to charge upon the subject of opprobrious words or abusive language, as complained of in the 9th ground of the motion for a new trial. This question was raised solely by the defendant's statement; and it is well settled that the judge is not required to charge, in the absence of an appropriate request, upon a theory raised entirely by the defendant's statement.

5. The remaining assignments of error are without merit. The evidence amply warranted the verdict, and the court did not err in overruling the motion for a new trial.                    *Judgment affirmed.*

DECIDED OCTOBER 26, 1915.

Conviction of assault and battery; from Fulton superior court—Judge B. H. Hill. April 10, 1915.

*Hines & Jordan,* for plaintiff in error.

*Hugh M. Dorsey, solicitor-general, E. A. Stephens,* contra.