## 34486. LEWIS v. THE STATE.

BOWLES, Justice.

We granted certiorari in this case to consider Division 1 of the opinion of the Court of Appeals, 148 Ga. App. 16 (251 SE2d 18) (1978), holding that a conviction of the sale of cocaine is a crime involving moral turpitude so that evidence of such prior conviction could be introduced as impeaching evidence of a witness.

Although the term moral turpitude has been used in

many statutes adopted by the legislature of this state and has been referred to in numerous decisions of this court and the Court of Appeals, a definition has not been adopted as to its precise meaning. The term has, however, been declared definite enough to meet constitutional attacks based on indefiniteness. *Hughes v. State Bd. of Med. Exam.,* 162 Ga. 246 (4) (134 SE 42) (1926); Jordan v. De George, 341 U. S. 223 (71 SC 703, 95 LE 886) (1951).

Black's Law Dictionary, Revised Fourth Edition, furnishes the following definition: "An act of baseness, vileness, or depravity in the private and social duties which man owes to his fellow men, or to society in general, contrary to the accepted and customary rule of right and duty between man and man."[1] It is said to be restricted to the gravest offenses, consisting of felonies, infamous crimes, and those that are malum in se and disclose a depraved mind. Bartos v. U. S. District Court for the District of Nebraska, 19 F2d 722, 724. Moral which often precedes the word turpitude adds nothing to its meaning other than emphasis which often results from a tautological expression. *Holloway v. Holloway,* 126 Ga. 459 (55 SE 191) (1906). As Justice Cobb said, in the latter case, "All crimes embraced within the Roman's conception of the crimen falsi involve turpitude; but it is not safe to declare that such crimes *only* involve turpitude." (Emphasis supplied.)

The comparatively new rules of evidence prevailing in the federal courts permit impeachment by evidence of conviction of crime, generally, where the witness has been convicted of a crime punishable by death or *imprisonment in excess of one year* or involving dishonesty or false statement regardless of the term of punishment.[2] Before

---

[1] It would appear that the definition would exclude unintentional acts or wrongs, or an improper act done without unlawful intent.

[2] See, Federal Rules of Evidence, Rule 609 (a). "Impeachment by evidence of conviction of crime. (a) General rule. For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross examination but only if the

the adoption of the new federal rules of evidence, the United States Court of Appeals, Fifth Circuit, followed what it termed to be the usual rule that *felony convictions* and misdemeanors involving moral turpitude may be used to impeach the credibility of a witness. United States v. Gloria, 494 F2d 477, 481 (1974).

"One of the methods of attempting to discredit a witness is by introducing the record of his conviction of a crime which rendered one infamous at common law; these were treason, *any felony,* and crimen falsi or the crime of falsifying. . . In other words, a person was rendered infamous by conviction of treason, *any felony,* or a misdemeanor involving dishonesty or the obstruction of justice." Green, Georgia Law of Evidence § 139.[3]

It is not the character of the crime but the nature of the punishment which makes a crime infamous. Further, it is not the punishment imposed in a given case but the punishment that may be imposed that characterizes the crime. United States v. Moreland, 258 U. S. 433 (42 SC 368, 66 LE 700) (1922).

As used in this state moral turpitude seems to mean infamy. One of the earlier cases on the subject, *Ford v. State,* 92 Ga. 459 (17 SE 667) (1893), after reciting the rule said: "Evidence which discredits a witness on the ground of infamy tends to impeach him." Basically, it would seem that any crime designated as a felony and punishable by imprisonment would be a crime involving moral turpitude within the meaning of the law. Felonies are infamous.[4]

---

crime (1) was punishable by death or imprisonment in excess of one year under the law under which he. was convicted; and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment." (There are other limitations, i. e., time limit, pardon, etc.).

[3]The conviction no longer renders the convicted person incompetent to be a witness but is evidence tending to impeach him. Code Ann. § 38-1603.

[4]If it were not also the duty of the court to determine

Although included in a dissent for other reasons, Judge McIntyre in *Grace v. State,* 49 Ga. App. 306 (175 SE 384) (1934), recognized the general rule, ". . . the crime must rise to the importance of a felony or be a misdemeanor involving moral turpitude."[5] But, we have again recently held for a witness to be impeached proof of the commission of a crime involving moral turpitude is required. *Pryor v. State,* 238 Ga. 698, 706 (234 SE2d 918) (1977); *Gaddis v. State,* 239 Ga. 238, 241 (236 SE2d 594) (1977). The question then presented is, is a felony conviction a crime involving moral turpitude? Further applying the facts in the instant case, does the sale of cocaine, disregarding its felony punishment, meet the test as being contrary to justice, honesty, modesty, good morals or man's duty to man? We conclude that in either event the answer is yes.

In *Shaw v. State,* 102 Ga. 660, 670 (29 SE 477) (1897), Justice Atkinson, in addressing the question said: "Under our law as it now stands, conviction of crime does not affect the competency of a witness, but the evidence of his conviction either of felony or larceny is admissible to affect his credit in all instances in which, under the rules of the common-law, the witness would have been held to have been incompetent. At common-law insensibility to the obligation of an oath was held to follow conviction of an offense which rendered one infamous, and extended to all·those persons who had been guilty of heinous crimes

what evidence is admissible and what evidence is inadmissible, the writer would declare the proper record of any debatable crime to be admissible for the purpose of discrediting the witness, and leave it to the jury based on an appropriate charge, as to whether or not a particular crime involves moral turpitude.

[5]Some states have greatly liberalized the rule by allowing proof of almost any conviction of a crime even including traffic offenses. See, Hendrick v. Strazzulla, 135 S2d 1 (Fla. 1961) and Ingle v. Roy Stone Transfer Corp., 271 N. C. 276 (156 SE2d 265) (1967). If crimes introduced for impeachment purposes are not serious ones it would be difficult to say that their introduction presents harmful error.

which men generally are not found to commit unless they are so far depraved as to be wholly unworthy of credit for truth." Then after quoting approvingly from Greenleaf on Evidence to the same effect he said further: "Under our decisions, then, the record of a conviction of the offense of larceny is admissible in evidence to discredit such witness, because such a conviction renders one infamous, within the common-law rule. If this be true, felony and treason being both expressly included within the class of offenses which were pronounced infamous, and the witness having been convicted of a felony, the record of his conviction, while not sufficient to exclude him as a witness, was properly admitted by the trial judge to affect his credit."

We conclude from common knowledge, that the illegal sale of cocaine produces nothing for the enhancement of the human race, but to the contrary seriously affects, and often destroys the health, lives and morals of those who use it outside medical supervision. How can we say, that the activities of an illegal sale of a narcotic which has been proscribed by the legislature of any state as being a felony, is anything but vile, base, and contrary to man's natural duty to man?

The law of the State of Alabama, where the alleged conviction occurred declared the sale of cocaine to be a felony. Act 1407 § 401 (a), Regular Session of the Legislature of Alabama, 1971. The sentence imposed permitted punishment in excess of one year. With this, we hold that the trial court did not err in admitting into evidence the indictment, the plea and the sentence of the court, duly certified by the Alabama court, for the purpose of impeaching the testimony of the accused as a witness in the trial in this case. There is ample authority from other jurisdictions that violation of Acts prohibiting the illegal sale of narcotics are felonies involving moral turpitude. Menna v. Menna, 102 F2d 617, 618; In re McNeese, 346 Mo. 425 (142 SW2d 33) (a disbarment proceeding); Garlington v. Smith, 63 Ariz. 460 (163 P2d 685); In re Shepard, 35 Cal. App. 492 (170 P 442) (conspiring to smuggle opium into the United States); Speer v. State, 109 SW2d 1150 (Tex Civ. App.) (smuggling narcotics in violation of 26 USCA §§ 1040-1054, 1383-1391); Fortman

v. Aurora Civil Service Comm., 37 Ill App. 3d 548 (346 NE2d 20).

The opinion of the Court of Appeals is affirmed. *Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 26, 1979 — DECIDED
APRIL 5, 1979.

*Zeese & Howell, Gordon R. Zeese,* for appellant.
*William S. Lee, III, District Attorney,* for appellee.