## 60230. SEABOARD COAST LINE RAILROAD COMPANY et. al. v. WEST.

BANKE, Judge.
The appellants' train struck and killed appellee West's wife and infant son; and in his suit against the railroad and its engineer for the wrongful death of the child, a jury verdict in his favor was returned for $50,000. Appellants' motions for directed verdict and judgment notwithstanding the verdict were denied, and they appeal. *Held:*

1. Testimony of four eyewitnesses established without dispute that the deaths occurred on March 25, 1978, at about 11:30 a.m. The train was traveling approximately 48 miles per hour as it proceeded through Woodland, Georgia, a small municipal corporation with two streets crossing a set of parallel tracks. This speed was not in violation of any ordinance in effect at that time. The train had visibility of some 400 feet from the crossing involved and, on approaching it, was blowing the horn and had its headlights on. The crossing was protected by flashing red lights, which were functioning, and possibly

a bell. As the train rounded the curve, its engineer and brakeman and two other witnesses saw a woman and child walking down the sidewalk toward the crossing. The woman looked up and saw the train, caught the child by his hand, and started running toward the track. The engineer began blowing the horn rapidly to warn her of danger. When she continued running toward the tracks, pulling the child behind her, he activated the emergency braking system; but the train did not stop before striking the woman and child. According to one eyewitness, the child actually backed away from the tracks, but the woman "just snatched him and carried him on." The victims had crossed over one set of tracks to reach the main track, where they were struck.

The railroad contends that the mother's negligence was the sole proximate cause of the child's death in that her action in circumventing the crossing safety devices, designed to prevent the disaster which occurred, constituted an unforseeable intervening act sufficient to relieve it of liability as a matter of law. Compare *McNeely v. Harrison,* 138 Ga. App. 310 (226 SE2d 112) (1976). We do not agree, however, that the mere presence of safety precautions such as automatic signalling devices renders the railroad free from negligence as a matter of law, or relieves it from adopting such other measures as public safety and common prudence dictate. "This is especially true when the evidence shows that a train was running at an undue and highly dangerous rate of speed over a much frequented crossing located in a city or town. Grand Trunk Railway Co. of Canada v. Ives, 144 U. S. 408, 12 SC 679, 36 LEd 485." Southern R. v. United States, 197 F2d 922, 925 (5th Cir. 1952). Whether the train was being operated at a speed so as to avoid doing injury to persons on the crossing, and whether if the emergency brakes had been applied earlier those persons would not have been injured, presented questions of negligence which were properly within the province of the jury. The trial court did not err in denying the appellants' motions for judgment notwithstanding the verdict or for new trial, since there was at least some evidence to support the verdict. *Atlantic C. L. R. Co. v. Grimes,* 99 Ga. App. 774 (109 SE2d 890) (1959); *Ga. Sou. & Fla. R. Co. v. Strickland,* 106 Ga. App. 411 (1) (126 SE2d 884) (1962); *Seaboard C. L. R. Co. v. Mitcham,* 127 Ga. App. 102 (1) (192 SE2d 549) (1972).

2. The trial court correctly and clearly charged the law of ordinary care and proximate cause. The requested charges which it refused to give were argumentative, and the principles contained therein were fully covered in the general charge. *Shipman v. Horizon Corp.,* 151 Ga. App. 242, 246 (8) (259 SE2d 221) (1979).

3. We do not agree that the court's refusal to admit for the

purpose of impeachment a certified copy of the appellee's plea of guilty to the charge of child abandonment is ground for a new trial. Appellants argue strenuously that the crime of abandonment, a misdemeanor under Code Ann. § 74-9902, involves moral turpitude as defined by *Huff v. Anderson,* 212 Ga. 32, 34 (2) (90 SE2d 329) (1955), but cite no authority in support of this contention. Our Supreme Court has declared that crimes involving moral turpitude are "restricted to the gravest offenses, consisting of felonies, infamous crimes, and those that are malum in se and disclose a depraved mind. [Cit]" *Lewis v. State,* 243 Ga. 443, 444 (254 SE2d 830) (1979); affirming 148 Ga. App. 16 (251 SE2d 18) (1978). While we in no way condone the abandonment of one's parental duties by failure to provide financial support for one's minor child, we do not think such an offense may be categorized as one that is malum in se or the product of a depraved mind, either under the common law or statutes adopted in this state. Compare *In the matter of Nicholson,* 243 Ga. 803 (1) (257 SE2d 195) (1979). For the foregoing reasons, the judgment on the verdict below is affirmed.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

ARGUED JULY 1, 1980 — DECIDED JULY 16, 1980. —

*Allen B. Keeble, Charles Jerry Willis,* for appellants.
*Thomas Bentley, James H. Fort,* for appellee.