## 43930. HEARD v. THE STATE.
(354 SE2d 115)

SMITH, Justice.

An Elbert County jury found the appellant, Bennie Heard, guilty of the murder of Raymond Winn.[1] He raises two issues on appeal. We affirm.

During a card game at the Sugar Shack in Elbert County, the victim's brother, Neal, accused Heard of cheating. Heard, aware of Neal's propensity to carry and use a gun,[2] returned some of his winnings for the day to the Winn brothers. Heard denied that he had cheated and left the Sugar Shack.

Heard went to a pawnshop where he attempted to purchase a pistol. He was refused because he did not have a driver's license. Hodges Heard, who had joined Bennie Heard at the pawn shop, did purchase a pistol twenty to thirty minutes after Bennie Heard's inquiry. Around thirty minutes after Hodges Heard had bought the pistol, Bennie Heard reappeared at the pawn shop and purchased a box of bullets for the exact type of pistol that Hodges had bought.

---

[1] The crime was committed on December 20, 1985. The Elbert County jury returned its verdict of guilty on February 5, 1986. A motion for new trial was filed on February 21, 1986 and the transcript of evidence filed on May 22, 1986. A motion for new trial was overruled on July 15, 1986. Notice of appeal was filed August 7, 1986 and the record was docketed in this Court on October 3, 1986. The case was submitted on November 14, 1986.

[2] Neal Winn had pleaded guilty to voluntary manslaughter in one case, and had also been found guilty of aggravated assault with a deadly weapon prior to the incident leading to this case.

Late that evening, Bennie Heard returned to the Sugar Shack and rejoined the card game in which the Winn brothers were involved. After a few hands, Heard pulled out a pistol. All of the players ran, except for Raymond Winn, who was acknowledged to be a friend of Bennie's. Some witnesses testified that Heard shot Raymond as he moved towards Heard. Other witnesses testified that Heard's pistol fired after Raymond hit Heard's arm. Raymond died from the effects of a single gunshot wound.

1. We find the evidence adduced at trial sufficient to support the jury verdict under the standard established in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Heard claims that the trial court should not have admitted into evidence two photographs of the victim revealing a tracheotomy incision made into the victim's neck.

The tracheotomy was apparently performed by medical authorities in an attempt to save the victim's life. The state introduced the photographs into evidence to show splatter and burn marks on the victim's ear. The photographs could have easily been cropped to exclude the view of the hole in the victim's throat without interfering at all with the view of the bullet wound and the damage caused by the bullet.

*In Brown v. State*, 250 Ga. 862, 867 (302 SE2d 347) (1983), we held: "A photograph which depicts the victim after autopsy incisions are made or after the state of the body is changed by authorities or the pathologist will not be admissible unless necessary to show some material fact which becomes apparent only because of the autopsy. A photograph which shows mutilation of a victim resulting from the crime against him may, however gruesome, have relevance to the trial of his alleged assailant. The necessary further mutilation of a body at autopsy has no such relevance and may cause confusion, if not prejudice, in the minds of the jurors."

a) The inclusion of the tracheotomy incision in the photographs submitted for admission certainly was gratuitous. While the incision itself was a result of the assailant's actions; like an autopsy, the incision was more in the nature of a necessary action taken by a party other than the assailant, and was not directly caused by the assailant. Where, as here, the visible results of actions taken by medical authorities in attempting to render aid to the victim of a crime may easily be cropped out of a photograph showing the assailant's handiwork, the medical authorities will be considered "authorities" for the purpose of the rule established in *Brown*, and the admission of a photograph revealing the additional damage to the victim's body constitutes a violation of *Brown*.

b) Here, however, due to the overwhelming nature of the evidence supporting the jury verdict, we find the admission of the two

photographs to be harmless error.

*Judgment affirmed. All the Justices concur, except Clarke, P. J., and Weltner, J., who dissent as to Division 2 and the judgment.*

DECIDED APRIL 8, 1987.

*Floyd W. Keeble, Jr., Daniel J. Parker,* for appellant.
*Lindsay A. Tise, District Attorney, Michael J. Bowers, Attorney General, Dennis R. Dunn, Assistant Attorney General,* for appellee.