## S91A0505. HALL v. HALL.
### (402 SE2d 726)

HUNT, Justice.

We granted the application for discretionary appeal in this divorce case to decide whether a conviction for driving under the influence (OCGA § 40-6-391 (a)) may be used to impeach the credibility of a witness. At trial, the court allowed evidence of the wife's DUI convictions to impeach her testimony, and, over the wife's objection, instructed the jury that a witness may be impeached by "the conviction of the witness of an offense involving moral turpitude. That is, one contrary to justice, honesty or good morals." The trial court rejected the wife's request to instruct the jury that a conviction of DUI is not a crime involving moral turpitude. In so doing, the court stated that it was for the jury to decide whether a misdemeanor DUI conviction would impeach the wife's testimony.

Rules vary as to what type of criminal convictions may be used to impeach a witness.[1] In Georgia, the rule is that a witness may be impeached by proof of a conviction of any crime involving moral turpitude. See Agnor's Georgia Evidence (2d ed.), § 5-8 (1986); Lewis v. State, 243 Ga. 443, 444 (254 SE2d 830) (1979) (conviction for sale of cocaine is a crime of moral turpitude); Watts v. Gaines, 226 Ga. 503, 505 (2) (175 SE2d 871) (1970). The question, then, is whether DUI is a crime of moral turpitude.

We have noted that "moral turpitude" has been "said to be restricted to the gravest offenses, consisting of felonies, infamous crimes, and those that are malum in se and disclose a depraved mind." Lewis v. State, supra at 444. We have also noted that the term seems equivalent in this state to infamy, and would encompass all felonies. Id. at 445. It can be seen, by contrast, that a misdemeanor conviction for DUI is not a crime of moral turpitude.[2] See Seaboard Coast Line R. Co. v. West, 155 Ga. App. 391, 392 (3) (271 SE2d 36) (1980) (child abandonment is not a crime of moral turpitude).

Thus, testimony concerning the wife's DUI convictions was not admissible for the purpose of general impeachment and that error was compounded by the court's refusal to instruct the jury accordingly.

*Judgment reversed. All the Justices concur.*

---

[1] Federal Rules of Evidence, Rule 609 (a) allows impeachment by evidence of a felony conviction if "the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant." The rule allows impeachment by conviction of any crime involving dishonesty or false statement.

[2] The jurisdictions which have addressed the question of the admissibility for impeachment services of a conviction for DUI appear to be evenly split. See Annot: Use of Unrelated Traffic Offense Conviction to Impeach General Credibility of Witness in Civil Case, 88 ALR3d 74, §§ 8 (a) and (b), pp. 100-102 (1978).

DECIDED APRIL 11, 1991.

*Solomon & Edgar, M. Theodore Solomon II,* for appellant.
*William K. Blackstone,* for appellee.