## A91A0754. JABALEY v. MITCHELL.
(411 SE2d 454)

BEASLEY, Judge.

The issue is whether or not a defendant's plea of nolo contendere to a criminal charge of simple battery, OCGA § 16-5-23.1, is admissible for impeachment of the defendant in the subsequent trial of the civil suit stemming from the battery.

Mitchell sued Jabaley to recover actual and punitive damages for physical injuries Mitchell sustained and alleged that Jabaley "intentionally, willfully and without any cause whatsoever" hit and kicked Mitchell, causing injury to his left eye, chest and rib cage. The incident occurred while Mitchell was helping a friend move her business trailer off property leased from Jabaley. An altercation ensued when Jabaley attempted to prevent removal of the trailer until he was paid rent. At trial, Jabaley claimed that the physical contact with Mitchell was justified.

The court, over Jabaley's objection, permitted Mitchell to introduce, for "impeachment purposes," a certified copy of Jabaley's prior plea of nolo contendere to simple battery. The jury returned a verdict in favor of Mitchell for $5,000 compensatory damages and $5,000 punitive damages. Judgment was entered on the verdict and a new trial was denied.

This Court, in a 5-4 decision, has held that a witness in a civil action may be impeached by the witness' prior plea of nolo contendere to a felony or other crime involving moral turpitude. *Tilley v. Page*, 181 Ga. App. 98, 99 (4) (351 SE2d 464) (1986). See also *State v. Rocco*, 259 Ga. 463 (384 SE2d 183) (1989), discussing *Tilley*. Such exception to the prohibition contained in OCGA § 17-7-95 (c) has not been extended to include impeachment by a prior plea of nolo contendere to a crime other than a felony and not involving moral turpitude. Simple battery, a misdemeanor, see OCGA § 16-5-23 (b), has been recognized to be a crime not involving moral turpitude. See *Miller v. State*, 171 Ga. App. 568 (320 SE2d 635) (1984); *In re Long*, 153 Ga. App. 883, 884 (c) (267 SE2d 481) (1980). See generally *Lewis v. State*, 243 Ga. 443 (254 SE2d 830) (1979); *Pender v. Witcher*, 194 Ga. App. 72 (2) (389 SE2d 560) (1989). The trial court was not authorized under authority of *Tilley v. Page*, supra, to admit evidence of Jabaley's plea for impeachment or any other purpose. OCGA § 17-7-95 (c); *Beal v. Braunecker*, 185 Ga. App. 429, 431 (2) (364 SE2d 308) (1987).

Defendant Jabaley is entitled to a new trial.

*Judgment reversed. Birdsong, P. J., and Carley, P. J., concur.*

DECIDED OCTOBER 11, 1991.

*Wood, Odom & Edge, Gus L. Wood III*, for appellant.
*Baldwin & Mallory, A. Quillian Baldwin, Jr.*, for appellee.