## A91A1809. POLK v. THE STATE.
### (415 SE2d 506)

Judge Arnold Shulman.

Appellant James Carl Polk was convicted of aggravated assault based on evidence that he shot an acquaintance, Phillip Gammage, in the head with a pistol. The appellant testified at trial that Gammage was advancing on him with a knife at the time and that he fired in self-defense. He brings this appeal from the denial of his motion for new trial.

1. The appellant enumerates as error the admission of testimony by the arresting officer that, in response to on-the-scene questioning, the appellant admitting having shot the victim. The appellant objected to this testimony on the ground that the state had failed to provide him with a copy of the statement prior to trial in compliance with his request under OCGA § 17-7-210 for copies of any statements made by him while in police custody. The trial court overruled the objection based on a finding that the appellant was not in police custody at the time he made the statement. We find no error. See generally *Baker v. State*, 193 Ga. App. 498, 499 (2) (a) (388 SE2d 402) (1989). Moreover, because this evidence was fully consistent with all

of the other evidence in the case, including both the appellant's own testimony and supporting testimony introduced by him to the effect that he had shot the victim in self-defense, its admission was clearly harmless to him. See generally *Christopher v. State*, 190 Ga., App. 393 (3) (379 SE2d 205) (1989).

2. The appellant contends that the trial court erred in denying his motion for mistrial after the state's attorney attempted to impeach a defense witness by questioning him about an aggravated assault indictment which had been returned against him in 1986. It is apparent that at the time the state's attorney began this questioning, he was under the mistaken impression that the witness had been convicted of aggravated assault. In fact, however, the witness had pled guilty to the lesser offense of simple assault; and upon realizing this the state's attorney abandoned this line of questioning. In denying the appellant's motion for mistrial, the trial court stated that it was "going to attempt to do its best to correct the impression left by counsel for the state in his unwise . . . tactic. . . ." However, the court did not thereafter give any instructions to the jury regarding the matter.

"A witness may be impeached by showing conviction of a crime involving moral turpitude. [Cit.] The fact of conviction must be shown by record evidence and not by testimony. [Cit.]" *Johnson v. State*, 144 Ga. App. 406 (1) (240 SE2d 919) (1977). "[E]ven competent proof of an offense not involving moral turpitude, or incompetent proof of an offense involving moral turpitude, such as a mere indictment or a charge or an arrest or a trial and acquittal, are not legal methods of impeachment. [Cits.]" *Whitley v. State*, 188 Ga. 177, 179 (5) (3 SE2d 588) (1939). Accord *Strickland v. State*, 166 Ga. App. 702 (305 SE2d 434) (1983).

"Our Supreme Court has declared that crimes involving moral turpitude are 'restricted to the gravest offenses, consisting of felonies, infamous crimes, and those that are malum in se and disclose a depraved mind. (Cit).' [Cits.]" *Seaboard &c. R. Co. v. West*, 155 Ga. App. 391, 393 (271 SE2d 36) (1980). Accord *Hall v. Hall*, 261 Ga. 188 (402 SE2d 726) (1991) (holding that DUI is not such an offense). While the state contends, without benefit of any supporting authority, that the misdemeanor offense of simple assault falls into this category, this court has previously held that such offenses as simple battery, see *Jabaley v. Mitchell*, 201 Ga. App. 477 (411 SE2d 454) (1991), and "fighting," see *Curry v. State*, 17 Ga. App. 312 (1) (86 SE 742) (1915), are not crimes involving moral turpitude. It necessarily follows that the offense of simple assault likewise is not a crime involving moral turpitude.

The witness in question was crucial to the defense in that he was the only eyewitness (other than the victim and the appellant) to tes-

tify, and he corroborated the appellant's claim that the victim was brandishing a knife immediately prior to the shooting. Therefore, the state's improper attempt to impeach his credibility by questioning him about his past indictment for aggravated assault cannot be viewed as harmless. Accordingly, pretermitting whether any curative instructions would have sufficed to cure the resulting prejudice, we hold that in the absence of such instructions the appellant's motion for mistrial should have been granted.

3. The appellant contends that the trial court erred in allowing a police detective to testify on rebuttal that he had talked to the appellant at the police station following the shooting and that the appellant had not told him that the victim was armed with a knife. Previously, the trial court had ruled that the state could not introduce any evidence regarding this interview because the appellant had requested an attorney prior thereto. However, the appellant thereafter took the stand and asserted that he had in fact informed this detective that the victim was armed with a knife. Based on this testimony, the trial court allowed the detective to offer contrary testimony in rebuttal, instructing the jury that this testimony was to be considered "strictly in rebuttal and only as to the believability of the defendant in this case and for that purpose only. . . ."

We find no error. " 'The shield provided by *Miranda* [*v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966)] cannot be perverted into a license to use perjury by way of a defense, free from the risk of confrontation with prior inconsistent utterances.' " *Alexander v. State*, 138 Ga. App. 618, 619 (2) (226 SE2d 807) (1976), quoting from *Harris v. New York*, 401 U. S. 222, 226 (91 SC 643, 28 LE2d 1).

4. While the appellant did not testify that he had told the arresting officer (as opposed to the detective) that the victim was armed with a knife, the state's attorney apparently believed that he had done so and accordingly called this witness to testify in rebuttal also. Although the rebuttal testimony of this witness was consistent with the appellant's own testimony, the appellant contends that the trial court erred in failing to instruct the jury that it was to be considered only for impeachment purposes. See generally *Alexander v. State*, supra. Inasmuch as it is highly unlikely that this situation will arise again upon a retrial of the case, we find it unnecessary to address this enumeration of error.

*Judgment reversed. Carley, P. J., and Beasley, J., concur in Divisions 2, 3 and 4 and in judgment.*

DECIDED FEBRUARY 10, 1992.

*Timothy L. Eidson*, for appellant.

*David E. Perry, District Attorney, Ronnie A. Wheeler, Assistant District Attorney*, for appellee.