A92A1329. KAMMIN v. O'NEAL.
(426 SE2d 633)

ANDREWS, Judge.

Mrs. Kammin appeals the judgment entered on the jury's verdict for the defendant O'Neal on Mrs. Kammin's claim for injuries resulting from an automobile accident between cars driven by Ms. O'Neal and Mr. Kammin.

Viewed in favor of the verdict, the evidence was that Ms. O'Neal, going south on Highway 87 in her Pontiac Fiero, approached its intersection with Highway 18. Mr. Kammin, driving a LeMans and going west on Highway 18, had stopped at the stop sign at the intersection.

There was also a flashing red light on his side of the intersection. Ms. O'Neal had no stop sign, but on her side of the intersection, the light was flashing yellow. Because her approach was downhill, Ms. O'Neal, who saw the LeMans stopped at the stop sign, applied her brakes and slowed as she went downhill. As she approached the intersection where the road flattened, she released the brake but was still going 55 mph or less as she entered the intersection. Mr. Kammin, with his wife napping in the front passenger seat, testified that he stopped, looked to his right (the direction from which Ms. O'Neal approached), looked to his left, and then pulled into the intersection where he was hit. The impact was on the passenger door and occurred in the middle of Ms. O'Neal's lane of travel. Although one of plaintiff's lay witnesses, who was at a convenience store on Highway 18, opined that the Fiero was going 80 mph, the police officer who investigated the crash found nothing to indicate that the Fiero was exceeding the speed limit.

1. Plaintiff's first five enumerations deal with the court's failure to give five of her requested jury charges and will be considered together.

The five charges dealt with proper lookout ahead; duty to anticipate traffic ahead; no right to assume road is clear; the 30 mph residential district speed limit; and the definition of such a district. Timely objection was made to the failure to so charge.

"In order for a refusal to charge to be error, the requests must be entirely correct and accurate, and adjusted to the pleadings, law, and evidence, and not otherwise covered in the general charge. [Cit.]" *Medoc Corp. v. Keel*, 166 Ga. App. 615, 618 (2) (305 SE2d 134) (1983); see *Georgia Kraft Co. v. Laborers' Intl. Union &c.*, 170 Ga. App. 581, 585 (317 SE2d 602) (1984).

There was no evidence that indicated that O'Neal failed to keep a proper lookout. She saw Mr. Kammin sitting at the stop sign and as she headed into the intersection it was clear. Finally, the intersection, as reflected in the photographs in evidence, was wooded on three sides with no residences. There was a gas station/grocery, one house and a trailer park behind the grocery. The charges requested by Kammin were not supported by the evidence and the failure to give them was not error. The court's charge fully covered negligence, proximate cause, last clear chance, and other applicable principles.

2. Kammin's enumerations 7 and 8 object to the court's giving of two charges. The first was that "[i]f you find that the injuries the plaintiff sustained were not proximately caused by the acts of the defendant, then and in that event, there can be no recovery on the part of the plaintiff against the defendant." The second was that "[i]f you find that the plaintiff is entitled to recover under the instructions given to you, she would only be entitled to recover the damages di-

rectly and proximately resulting from the negligence of the defendant. In this connection, the burden is upon the plaintiff to establish by a preponderance of evidence just which of the damages or injuries or ailments of the plaintiff resulted from the negligence if any of the defendant."

The objection voiced at trial was to the effect that the charges seemed to negate the. concept of there being joint proximate cause. Reading the entire charge, however, reveals that the charge fully covered the concepts of proximate cause, joint proximate cause, and the fact that the jury was required to find that the negligence of the defendant, if any, "was the proximate cause or a contributing proximate cause of plaintiff's injuries."

Examining the charges in toto, we find there exists no fair risk the jury was misled by the contested charges. *Deese v. Carroll City County Hosp.*, 203 Ga. App. 148 (416 SE2d 127) (1992).

3. The ninth enumeration contests the overruling of Kammin's motion for new trial addressed to the "general grounds." There was no error in finding that the jury's verdict was supported by sufficient evidence.

4. Finally, in her sixth enumeration, Kammin contends that the court's refusal to allow her to impeach O'Neal with a copy of the accusation and her guilty plea to possession of less than an ounce of marijuana was error, because such a charge is one involving "moral turpitude."

" '[M]oral turpitude' has been 'said to be restricted to the gravest offenses, consisting of felonies, infamous crimes, and those that are malum in se and disclose a depraved mind.' *Lewis v. State*, [243 Ga. 443] at 444 [(254 SE2d 830) (1979)]. We have also noted that the term seems equivalent in this state to infamy, and would encompass all felonies. Id. at 445." *Hall v. Hall*, 261 Ga. 188 (402 SE2d 726) (1991) (misdemeanor conviction of DUI not a crime of moral turpitude).

"Since possession of [marijuana] necessarily means that the possessor obtained the drug or received it from someone, and that he or she did so prompted by the desire to have it for some reason (such as to use or sell or give to another), it follows that the possessor is an integral and obviously essential link in the chain of drug trafficking, a scourge of mankind. The possessor, a contributor to such activity, violates 'man's natural duty to man.' *Lewis*, supra at 447." *Pender v. Witcher*, 194 Ga. App. 72, 75 (389 SE2d 560) (1989) (special concurrence, Beasley, J.), rev'd sub nom. *Witcher v. Pender*, 260 Ga. 248 (392 SE2d 6) (1990), on the ground that first offender treatment of felony possession of cocaine may not be used for impeachment). See also *Polk v. State*, 202 Ga. App. 738, 739 (2) (415 SE2d 506) (1992) (misdemeanor conviction of simple assault is not crime of moral tur-

pitude); *Carruth v. Brown*, 202 Ga. App. 656 (415 SE2d 470) (1992) (misdemeanor criminal issuance of bad checks is crime of moral turpitude); *Hall v. State*, 196 Ga. App. 523, 527 (6) (396 SE2d 271) (1990) (felony possession of marijuana is a crime of moral turpitude).

Because credibility was a crucial issue in the trial, the error cannot be said to be harmless.

*Judgment reversed. Birdsong, P. J., concurs. Beasley, J., concurs in the judgment only.*

DECIDED DECEMBER 3, 1992 —
RECONSIDERATION DENIED DECEMBER 17, 1992

*Dozier, Akin, Lee & Graham, L. Zack Dozier, Jr.,* for appellant.
*Martin, Snow, Grant & Napier, Cubbedge Snow III,* for appellee.