S92A1542. JARRARD v. CLAYTON COUNTY BOARD OF REGISTRARS.
(425 SE2d 874)

HUNSTEIN, Justice.

This appeal stems from the order of the superior court (Clayton County, Judge William H. Ison) affirming the Clayton County Board of Registrars (hereinafter "the Board")'s denial of Jarrard's application to register to vote on the basis of his conviction of a crime of moral turpitude.

At the time of his application, Jarrard was on parole for his most

recent felony conviction for violation of OCGA § 40-5-58 (c) (2).[1] According to the facts recited in the trial court's order, he had thrice before been declared a habitual violator. When Jarrard attempted to register to vote and noted on his application therefor that he had been convicted as a habitual violator, the Board rejected his registration on the grounds that Art. II, Sec. I, Par. III (a) of the 1983 Constitution of the State of Georgia prohibits from registering to vote those persons convicted of crimes of moral turpitude who have not completed their sentences. Jarrard appealed the Board's decision to the superior court, which, relying on our decision in *Lewis v. State*, 243 Ga. 443 (254 SE2d 830) (1979) affirmed the action of the Board. Jarrard now appeals that judgment to this Court.

Jarrard contends that crimes involving moral turpitude should include only those which are malum in se and not those which are malum prohibitum, as was, he asserts, the offense of which he has been convicted. In *Lewis*, which involved the impeachment of a witness, we engaged in extensive inquiry into the definition of a "crime involving moral turpitude" as it applied to the sale of cocaine. Although conceding forthwith that no precise definition had been adopted in Georgia, we noted that the term had withstood constitutional attacks based on indefiniteness, citing *Hughes v. State Bd. of Med. Exam.*, 162 Ga. 246 (134 SE2d 42) (1926) and *Jordan v. De George*, 341 U. S. 223 (71 SC 703, 95 LE 886) (1951). We then quoted the following definition from Black's Law Dictionary, Revised Fourth Edition:

"An act of baseness, vileness, or depravity in the private and social duties which man owes to his fellow men, or to society in general, contrary to the accepted and customary rule of right and duty between man and man." [*Lewis*, supra at 444.]

There then follows in the *Lewis* opinion a reference to the holding in *Bartos v. U. S. District Court for District of Nebraska*, 19 F2d 722 (8th Cir. 1927), a federal case upon which, apparently, Jarrard bases his argument. The federal court there held that the civil law has ascribed to the phrase "crimes involving moral turpitude" a fixed definition, to-wit, "crimes malum in se, infamous offenses and those

---

[1] OCGA § 40-5-58 (c) (2) provides that any person declared to be a habitual violator as a result of three or more convictions of violating OCGA § 40-6-391 (DUI) within a five-year period, and whose license has been revoked as a result thereof and who is further convicted for operating a motor vehicle prior to the issuance of a probationary license or the expiration of five years from the date of the revocation, shall be guilty of the felony of habitual impaired driving, punishable by a fine of not less than $1,000, or imprisonment for not less than one nor more than five years, or both.

classed as felonies . . . ." Id. at 725. But neither *Bartos* nor *Lewis* stands for the proposition that the classification of a felony as malum in se or malum prohibitum is alone dispositive of whether the crime is one involving moral turpitude for as we stated in *Lewis*, ultimately, the test is this: "does the [crime], disregarding its felony punishment, meet the test as being contrary to justice, honesty, modesty, good morals or *man's duty to man*?" (Emphasis supplied.) Id. at 446.

Strictly speaking, Jarrard may be correct in his assertion that the crime of which he has been convicted is "merely," as he would have it, malum prohibitum. But when the very elements of the felony reveal his callous and repeated disregard for the safety and welfare of other people, as well as for the laws of this state, we cannot but conclude that the crime is one involving moral turpitude. For this reason, we affirm the judgment of the trial court.

*Judgment affirmed. Clarke, C. J., Benham, Fletcher and Sears-Collins, JJ., concur; Hunt, P. J., concurs in the judgment only.*

DECIDED FEBRUARY 18, 1993.

*Lee Sexton,* for appellant.
*Foster & Foster, Larry A. Foster,* for appellee.

