### S93G0578. O'NEAL v. KAMMIN.
(430 SE2d 586)

HUNT, Presiding Justice.

We granted this petition for certiorari to determine whether a misdemeanor conviction for possession of less than an ounce of marijuana is admissible for impeachment purposes. We hold that it is not

and reverse.

O'Neal and Kammin were involved in an automobile accident in November of 1987. In the resulting litigation, the jury rendered a verdict for O'Neal, the defendant, finding that she was not negligent and not responsible for the accident. On appeal, the Court of Appeals reversed the judgment on the verdict, ruling that the trial court erred in not allowing Kammin to introduce for purposes of impeachment O'Neal's misdemeanor conviction for possession of less than an ounce of marijuana since such a conviction involves moral turpitude. *Kammin v. O'Neal*, 206 Ga. App. 855 (426 SE2d 633) (1992).[1]

"In Georgia, the rule is that a witness may be impeached by proof of a conviction of any crime involving moral turpitude. [Cits.]" *Hall v. Hall*, 261 Ga. 188 (402 SE2d 726) (1991). The use of the term moral turpitude has been "restricted to the gravest offenses, consisting of felonies, infamous crimes, and those that are malum in se and disclose a depraved mind." *Lewis v. State*, 243 Ga. 443, 444 (254 SE2d 830) (1979). Under that definition it is apparent that a misdemeanor conviction for possession of less than an ounce of marijuana, a conviction equivalent to a misdemeanor conviction for DUI (see *Hall v. Hall*, supra), is not a crime of moral turpitude. It does not suggest an "insensibility to the obligation of an oath." *Lewis*, supra at 446. The decision of the Court of Appeals must, therefore, be reversed.

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 21, 1993.

*Martin, Snow, Grant & Napier, Cubbedge Snow III*, for appellant.

*Dozier, Akin, Lee & Graham, L. Zack Dozier, Jr.*, for appellee.

---

[1] The Court of Appeals reasoned that misdemeanor possession of contraband, regardless of how it was acquired, is a link in the chain of drug trafficking, a crime of infamy. It concluded, in effect, that the convicted witness should be viewed as a party to a greater crime. We do not adopt that conclusion, but look, instead, to the gravity of the conviction itself.