A99A0532. LASTINGER v. MILL & MACHINERY, INC. et al.
(512 SE2d 327)

JOHNSON, Chief Judge.

James Lastinger, Jr. was employed as a steelworker with Mill & Machinery, Inc. Lastinger was injured at work when a metal plate he was detaching from a conveyor belt broke off and caused him to fall several feet to the floor. A urine sample taken at the emergency room was positive for marijuana and cocaine, though the amount of each substance was not quantified.

Lastinger applied for workers' compensation benefits, but his employer controverted the claim arguing that the positive drug test results raised a presumption that the accident and injury were caused by the ingestion of drugs and were, therefore, not compensable. The employer's argument is based on OCGA § 34-9-17 (b), which provides in part that where a chemical analysis of an injured worker's blood, breath, or urine taken within eight hours of the injury reveals the presence of any marijuana or controlled substance, there is a rebuttable presumption that the injury was due to the ingestion of drugs and therefore not compensable. Once that pre-

sumption arises, the employee then has the burden of showing by "clear, positive, and uncontradicted" evidence that the presence of drugs was not the cause of the injury. See *Allen Kane's Major Dodge v. Barnes*, 243 Ga. 776 (257 SE2d 186) (1979).

At the hearing, Lastinger acknowledged using drugs five days before the injury but denied being impaired by drugs on the day of his injury. A co-worker testified that Lastinger appeared normal on the day of the injury, and Lastinger's supervisor remarked that Lastinger did not appear to be intoxicated or unsteady. The employer introduced into evidence a certified copy of Lastinger's 1994 misdemeanor conviction for marijuana possession.

It is undisputed the presumption arose in this case. Lastinger attempted to rebut it with his own testimony denying any impairment due to drugs and with the testimony of his supervisor and co-worker. The ALJ, however, found the presumption had not been rebutted and denied the claim because Lastinger's own testimony was impeached by the copy of the certified misdemeanor conviction for marijuana possession, which the ALJ considered a crime of moral turpitude. In upholding the ALJ's decision, the appellate division likewise found Lastinger's testimony was impeached by the misdemeanor marijuana conviction. The superior court affirmed the board's award, and we granted Lastinger's application for appeal.

In *O'Neal v. Kammin*, 263 Ga. 218, 219 (430 SE2d 586) (1993), the Supreme Court held that a misdemeanor conviction for possession of marijuana is not a crime of moral turpitude and thus may not be used to impeach a witness. We reject the employer's suggestion that any improper use of the misdemeanor marijuana conviction was harmless because evidence of felony convictions for habitual violator and entering an automobile was also produced for impeachment purposes. It is clear that the sole basis for the appellate division's finding that Lastinger's testimony had been impeached was the misdemeanor conviction. The superior court erred in affirming that determination.

Accordingly, the superior court's judgment must be reversed and this case remanded to the State Board of Workers' Compensation for redetermination of whether Lastinger's testimony was otherwise impeached without using the misdemeanor marijuana conviction, and whether the presumption arising under OCGA § 34-9-17 (b) was rebutted.

*Judgment reversed and remanded. Andrews and Ruffin, JJ., concur.*

DECIDED FEBRUARY 11, 1999.

*Lane & Crowe, Robert L. Crowe*, for appellant.
*Shivers & Associates, Edwin G. Russell, Jr.*, for appellees.