S00A0507. ELY v. THE STATE.
(529 SE2d 886)

HUNSTEIN, Justice.

Paul Page Ely was found guilty of murder and burglary in this death penalty case in which the jury returned a sentence of life without parole. He appeals the denial of his motion for a new trial.[1] Finding no reversible error, we affirm.

---

[1] The crimes occurred on February 12, 1998. Ely was indicted April 24, 1998 in Floyd County and charged with murder, burglary, and three counts of recidivism. The State filed its notice of intent to seek the death penalty that same day. Ely was found guilty and was sentenced to life without parole on April 15, 1999. Judgment was entered on the sentence that same day. Ely's motion for new trial, filed May 6, 1999, was denied September 30, 1999. A notice of appeal was filed October 21, 1999. The appeal was docketed December 9, 1999 and was submitted for decision on the briefs.

1. The jury was authorized to find that on the morning of February 12, 1998, the victim, Martha Ann Fricks, returned to her trailer home after taking her daughter to school and purchasing food for breakfast when she was attacked and her throat slit twice, causing her to bleed to death. A relative discovered the body and telephoned the police. The victim's food and her wallet, empty of money, were found on a kitchen countertop. Fricks was a known drug dealer and areas in the home typically used as hiding places for drugs had been searched. There were indications that drugs and/or drug money had been taken from the home. Because the killer tracked bloody footprints in the home after the attack and there were no bloody footprints in areas which showed signs of search, the jury was authorized to conclude that the killer had been inside searching the home before the victim returned.

Evidence established that Ely knew Fricks because he regularly purchased drugs from her, although Ely denied this when asked by police during routine questioning of nearby residents. Ely had spent the night before the crimes at the home of Ralph Burd, one of the victim's neighbors. Based on information Burd gave police, the police conducted a consensual search of Burd's home and found spots of blood in the bathroom, a wet shirt belonging to Ely which reacted to a crime lab test for blood, and a blood-specked pillowcase in the kitchen trash can with two "eye holes" cut out of it. A search of Ely's home uncovered a pair of tennis shoes hidden in a water heater closet on the porch; DNA testing established that blood on the shoes matched the victim's blood. The shoes also had a tread pattern which matched exactly the ones left in the victim's home, including six nicks and defects, and left unique prints due to the presence of plastic pellets (used at Ely's place of work) which had embedded themselves in the soles, making the soles bow out at places.

Ely testified that he had little memory of the events which occurred on the morning in question because he had taken so many drugs, but he did remember going to Fricks's home and seeing Burd coming out. Ely testified that he then entered the home and saw the victim. Her throat had been cut but she was still alive and she lunged up at him, getting blood on his clothing and dripping it onto his shoes. After he pushed her down onto the floor, he first walked to the master bedroom to get a blanket, then changed his mind and returned to Burd's trailer where he took a shower.

The evidence adduced was sufficient to enable a rational trier of fact to find Ely guilty of the charged crimes beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Accordingly, the trial court did not err by denying Ely's motions for directed verdicts of acquittal on the murder and burglary counts.

2. Ely requests this Court to remand his case for consideration of allegations of ineffective assistance of trial counsel. Ely raised the issue of ineffective assistance in a pro se motion filed nearly two months after Ely's appellate counsel (who also served as his trial counsel) filed the notice of appeal in this case. Ely's motion was thus superseded by the filing of the notice of appeal, OCGA § 5-6-45, and we decline to remand the case.

3. The transcript reveals that although the State attempted to elicit from a police witness certain statements made to him by Ely's wife which were subject to the spousal confidentiality privilege, see OCGA § 24-9-21 (1), defense counsel's timely objection prevented the introduction of the statements and thus the jury did not hear any testimony on the subject. The transcript also reveals that the trial court gave curative instructions to the jury to disregard the question and not to speculate about what the answer would be, then polled the jury to ascertain that they could follow the instructions. Given the extensive remedial measures taken by the trial court, we find no abuse of the trial court's discretion in denying Ely's motion for a mistrial. See generally *Jones v. State*, 267 Ga. 592 (1) (b) (481 SE2d 821) (1997).

4. Ely contends reversible error was committed by the trial court when the State sought to impeach three defense witnesses by attempting to introduce the witnesses' prior convictions. The transcript reveals that the State introduced into evidence over defense objection Tammy Little's prior conviction for simple battery. The State also introduced into evidence without objection Pat Waddell's prior conviction for misdemeanor possession of marijuana. The State also attempted to introduce David Miller's prior conviction for theft by receiving stolen property, but withdrew the conviction when the defense noted that it was a first offender conviction. Subsequently, the trial court reversed its rulings on the admissibility of the Little and Waddell convictions, struck the evidence and instructed the jury not to consider the convictions in evaluating the credibility of the witnesses. No further objection was raised by Ely.

We agree with Ely that Little and Waddell could not be impeached by proof of a conviction of a misdemeanor crime not involving moral turpitude. OCGA § 24-9-84; see *Hollis v. State*, 225 Ga. App. 370 (2) (484 SE2d 54) (1997) (simple battery not a crime involving moral turpitude); *O'Neal v. Kammin*, 263 Ga. 218, 219 (430 SE2d 586) (1993) (misdemeanor possession of marijuana not a crime involving moral turpitude); see generally *Hall v. Hall*, 261 Ga. 188 (402 SE2d 726) (1991). We also agree with Ely that the State improperly attempted to impeach defense witness David Miller with a first offender conviction. See *Matthews v. State*, 268 Ga. 798 (4) (493 SE2d 136) (1997). Although the State's actions were improper, in light of

the State's withdrawal of the first offender conviction, Ely's failure to object to introduction of Waddell's conviction, the trial court's removal of the convictions from the jury's consideration, its curative instruction to the jury, and Ely's failure to renew his objection, we find no reversible error resulted from the introduction of this evidence before the jury. We further find in light of the overwhelming evidence of Ely's guilt, that the erroneous admission of this improper impeachment evidence was harmless beyond all reasonable doubt. See *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976); see also *Keef v. State*, 220 Ga. App. 134 (3) (469 SE2d 318) (1996).

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 8, 2000 —
RECONSIDERATION DENIED MAY 30, 2000.

*James C. Wyatt*, for appellant.

*Tambra P. Colston*, District Attorney, *Thurbert E. Baker*, Attorney General, *Paula K. Smith*, Senior Assistant Attorney General, *H. Maddox Kilgore*, Assistant Attorney General, for appellee.