## S04A0944. McCLURE v. THE STATE.

### (603 SE2d 224)

SEARS, Presiding Justice.

Appellant Samuel McClure appeals his convictions for felony murder and aggravated assault.[1] Having reviewed the record, we conclude the trial court abused its discretion by admitting into evidence a photograph of the victim's corpse after internal organs had been removed for donation. In light of the overwhelming evidence of appellant's guilt, however, we find this error to be harmless. Appellant's remaining claims of error being without merit, we affirm.

Construed most favorably to the verdicts, the evidence of record shows that appellant was riding in a car with Youngker and the victim, Walker. The victim had agreed to lend money to appellant. The threesome drove to an apartment complex where an acquaintance, Boaz, lived. Youngker exited the car and called Boaz on his cell phone, leaving appellant standing beside the car with the victim inside. Youngker then saw appellant shoot the victim in the head. Youngker began to run away and realized that appellant had shot him, too. Appellant caught up with Youngker, struck him and put a gun to his head, but it misfired. As Youngker ran off again, he was shot a second time. Appellant then left the scene and Youngker returned to the car and waited for police. The victim later died.

At trial, residents of the apartment complex testified that they heard both a gunshot and a voice demanding money. Boaz testified that while on the phone with Youngker, he heard scuffling, a loud noise and a demand for money. At trial, appellant claimed that Youngker had pointed a gun at him and tried to rob him. Appellant claimed that when he attempted to grab the gun, it fired accidentally, injured Youngker, and killed the victim.

1. Construed most favorably to the verdicts, the evidence of record was sufficient to enable rational triers of fact to find appellant guilty of felony murder and aggravated assault.[2] Appellant urges that Youngker's testimony at trial was not credible. However, when deciding an appeal, this Court does not evaluate witness credibility, evidentiary conflicts or inconsistent testimony, as these matters are

---

[1] The crimes occurred on September 20, 2001, and appellant was indicted on May 23, 2002, on two charges of felony murder and three charges of aggravated assault. Trial was held June 24-July 2, 2002. Appellant was found guilty and received a life sentence for felony murder, two consecutive twenty year sentences for aggravated assault, and one concurrent ten year sentence for aggravated assault. Appellant filed a new trial motion on August 29, 2002. The motion was amended on February 14, 2003, and denied on July 30, 2003. Appellant's notice of appeal was timely filed on August 7, 2003. The appeal was docketed with the Court on January 12, 2004, and submitted for decision on briefs.

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

within the finder of fact's exclusive province.[3]

2. The trial court abused its discretion by admitting a post-autopsy photograph of the victim's corpse taken after internal organs were procured for donation. Several photos of the victim's corpse were admitted into evidence, but only one of them depicted the victim's torso.[4] In the photo of the torso, a long incision made in the victim's chest in order to procure organs for donation is clearly visible, although it had been stitched closed.

Post-autopsy photographs are particularly likely to be gruesome, and (like duplicative photos) should be carefully screened before being admitted into evidence.[5] For this reason, a photograph depicting the victim's corpse after autopsy incisions are made, or after the state of the body has been changed by medical authorities, is only admissible to show a material fact that became apparent solely because of the autopsy.[6] Thus, for example, when a fatal internal injury is not revealed until an autopsy is performed, a post-autopsy photograph is admissible in order to assist the jury's understanding of the circumstances surrounding the victim's death.[7]

Here, however, the photo of the victim's torso displayed a chest-length incision that was not material to the issues being decided by the jury. The incision, while certainly associated with the victim's death, was not relevant to the circumstances surrounding — or the injuries that caused — the death.[8] Moreover, the incision was the result of actions taken by parties other than the assailant, rather than being directly caused by the assailant.[9] Accordingly, the trial court abused its discretion by admitting the photo into evidence. In light of the overwhelming evidence of appellant's guilt, though, we are confident that the admission of the photograph was harmless error.[10]

3. The trial court did not abuse its discretion by limiting appellant's cross-examination of Youngker, a State's witness, to exclude questioning about whether he committed a felony several months

---

[3] *Givens v. State*, 273 Ga. 818, 819 (546 SE2d 509) (2001).

[4] All other photos depicted the victim's head, where he had been fatally shot, and displayed details of the bullet wounds. These photographs were relevant because they demonstrated material facts concerning the cause and manner of death. The photos also were necessary in order to rebut appellant's version of the facts and to assist the jury to understand the medical examiner's testimony. See *McAllister v. State*, 270 Ga. 224, 228 (507 SE2d 448) (1998).

[5] *Brown v. State*, 250 Ga. 862, 867 (302 SE2d 347) (1983); *Ramey v. State*, 250 Ga. 455, 456 (298 SE2d 503) (1983).

[6] *Brown*, 250 Ga. at 867.

[7] *Carr v. State*, 265 Ga. 477 (457 SE2d 559) (1995).

[8] See *Heard v. State*, 257 Ga. 1, 2 (354 SE2d 115) (1987).

[9] Id.

[10] Id.

before the victim's murder. Appellant was permitted to cross-examine Youngker regarding his previous felony convictions and instances where he had violated probation. Appellant was also allowed to ask Youngker about a warrant for his arrest — issued in the state of Florida — that was outstanding at the time of the murder. The trial court, however, did not permit appellant to cross-examine Youngker about whether he actually committed the particular felony alleged in the Florida warrant. This ruling was correct. A witness cannot be impeached by instances of specific misconduct unless that misconduct has resulted in the conviction of a crime involving moral turpitude.[11]

Similarly, the trial court properly limited appellant's cross-examination of State's witness Boaz to exclude questioning concerning Boaz's misdemeanor conviction for possessing drug paraphernalia, as that conviction was not for a crime of moral turpitude.[12]

4. The trial court properly declined to instruct the jury on the offense of involuntary manslaughter. As noted above, appellant claimed Youngker pointed the gun at him, and that the gun discharged as appellant struggled for control of it, killing the victim. Thus, the evidence established either that appellant intentionally shot and killed the victim, or that the pistol discharged accidentally and no offenses occurred. " 'Where, as here, the evidence shows either the commission of the completed offense [of felony murder and aggravated assault], or the commission of no offense, the trial court is not required to charge the jury on a lesser included offense.' "[13]

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 27, 2004.

*Lawrence W. Daniel*, for appellant.
*Patrick H. Head, District Attorney, Victoria S. Aronow, Amy H. McChesney, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Raina Nadler, Assistant Attorney General*, for appellee.

---

[11] *Watkins v. State*, 276 Ga. 578, 581 (581 SE2d 23) (2003). Nowhere in the transcript is it established that at the time of trial, criminal charges were pending in Florida against Youngker in connection with the outstanding warrant.

[12] See *O'Neal v. Kammin*, 263 Ga. 218 (430 SE2d 586) (1993); *Ely v. State*, 272 Ga. 418, 420 (529 SE2d 886) (2000).

[13] *Mason v. State*, 267 Ga. 314, 315 (477 SE2d 568) (1996), quoting *Rowe v. State*, 266 Ga. 136, 139 (3) (464 SE2d 811) (1996).